Argued March 16, judgment for defendant rendered April 4, rehearing denied April 25, 1916.

# CLARK v. MORRISON.

(156 Pac. 429.)

**Costs—Judgment—Noninclusion.**

1. A judgment of voluntary nonsuit, which does not award costs, is erroneous.

**Abatement and Revival—Other Action Pending—Defective Judgment.**

2. In plaintiff's action of slander, where defendant asserted the pendency of another action in abatement, and it appeared that a judgment had been entered in the former action, which was erroneous for failure to award costs, such judgment must, though erroneous, be regarded as having terminated the former suit, where defendant took no steps to correct such judgment.

**Libel and Slander—Complaint—Sufficiency.**

3. In an action for slander on words not actionable *per se*, the allegation that the slanderous words deprived plaintiff of the substantial hospitality of her friends was not a sufficient allegation of injury to warrant a recovery, since in such an action special damages must be explicitly claimed, and particulars given with certainty and precision.

**Libel and Slander—Special Damages—Social Intercourse.**

4. Loss of social intercourse and communion with friends cannot be made the basis for special damages in an action of slander, since the loss, to warrant a recovery, must be of a pecuniary character, or the loss of some substantial or material advantage flowing from impaired reputation.

**Libel and Slander—Special Damages—Sickness.**

5. Physical sickness caused by the uttering of the slanderous words is not an element of special damages in slander.

[As to damages for mental or physical suffering in actions for libel or slander, see note in Ann. Cas. 1914C, 291. As to what is excessive verdict in action for libel or slander, see note in Ann. Cas. 1913B, 700.]

**Pleading—Bad Complaint—Supplemental Complaint—Cure.**

6. An original complaint, which states no cause of action, cannot be remedied by a supplemental pleading setting up matters which have occurred since the commencement of the action.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1. Statement by MR. JUSTICE BENSON.

This is an action by Marcella Clark against A. A. Morrison.

.The complaint, so far as it is involved in the discussion herein, reads as follows:

"That on the first day of June, 1913, in the said City of Portland, Multnomah County, State of Oregon, the defendant willfully and maliciously, designing and intending to injure the plaintiff's good reputation, expose her to public contempt, hatred and ridicule, to deprive her of the benefit of public confidence, and social intercourse, of the confidence, friendship, hospitality and esteem of her said friends, acquaintances and neighbors, of the public and society, and to disgrace plaintiff and bring reproach and scandal upon her, did willfully, maliciously and falsely, in the presence and hearing of divers persons, Martha A. Hoyt, Francis Seely and others, speak, utter and publish of and concerning the plaintiff, the following injurious, false, slanderous and defamatory words; that is to say: 'You,' meaning the plaintiff, 'are an obstreperous person and a mischief-maker, and a nuisance in the parish.' That the said statement and words so spoken, uttered and published by the defendant, of and concerning the plaintiff, were willful, malicious and wholly false, and known to be false by the defendant. That said injurious, false, slanderous and defamatory statement and words so spoken, uttered and published by the defendant, of and concerning the plaintiff, have and did specially injure and damage the plaintiff in the following manner: It has and did provoke her, and expose her without just cause to public hatred, contempt, and ridicule; it did and has deprived her to a great extent of the benefit of public confidence and esteem, which plaintiff enjoyed fully prior hereto, and did and has materially affected the pleasure which plaintiff formerly enjoyed in social intercourse with her acquaintances, friends, neighbors and society. It did and has injured and damaged plaintiff in her good standing and reputation among her friends, neighbors and society, has deprived her of the friendship, substantial hospitality, confidence, esteem, kindness, help and assistance of her friends, neighbors, and of society, which she fully had and en-

joyed prior thereto, and caused plaintiff to be shunned, avoided and slighted by many good, respectable people, who were formerly her kind and hospitable friends, and has thereby, and by reason of the aforesaid facts, injured and damaged the plaintiff in the sum of $25,000. That by reason of the said injurious, false, slanderous and defamatory statements and words so spoken, uttered and published by the defendant of and concerning the plaintiff, the plaintiff was greatly provoked, her feelings were deeply wounded, and she has suffered great anxiety and distress of mind, endured much mental and physical suffering, and as a direct cause, result and consequence of said injurious, false, slanderous and defamatory statement and words so spoken, uttered and published by the defendant, of and concerning the plaintiff, she was taken physically ill and sick in mind and body, and her nervous system and condition was seriously and injuriously affected thereby to such an extent that she was confined to her bed at Good Samaritan Hospital from August 24, 1913, to about the twenty-seventh day of August, 1913, and thereafter at St. Vincent's Hospital from the twenty-seventh day of August, 1913, to about the twelfth day of September, 1913, and that since said time she has been confined to her home for practically the entire time, and is still suffering from the consequences of said injurious, false, slanderous and defamatory statement and words so spoken, uttered and published by the defendant of and concerning her; and by reason of said statement and words so spoken, uttered and published, and by reason of said sickness of mind and body, directly resulting therefrom, the plaintiff was compelled to, and did, employ medical aid and treatment for which she was charged and has paid, or is liable for, the sum of $400, and that she further incurred hospital expenses and charges in the treatment of her said illness and sickness amounting to the sum of $85, which plaintiff has paid, or is liable for the payment of same, and that she incurred further charges and expense for necessary medicine for her said illness and sickness, for which she has paid, or is liable to pay,

the sum of $100, and that she further incurred expense on account of said illness and sickness for cash hire in the sum of $248, which expense was necessarily incurred, and was incurred by the advice and orders of her physicians, as part of her treatment for her said illness and sickness, and that each and all of the foregoing items of expense were necessarily incurred and were directly caused on account of said injurious, false, slanderous and defamatory statement and words so spoken, uttered and published by the defendant, of and concerning this plaintiff, and which directly caused her said illness and sickness of body and mind, and plaintiff has been and further is specially damaged in said amounts so incurred and expended by her."

A demurrer was interposed thereto, which being overruled, the defendant answered with a plea in abatement, alleging that there was another action pending for the same cause. Plaintiff replied with a general denial, and thereafter filed a supplemental complaint setting out certain alleged facts arising after the commencement of the action, and defendant met this pleading with demurrer and plea in abatement as before, and a reply was filed thereto. A trial being had upon the issue thus joined, a judgment was entered abating the action and plaintiff appeals.

JUDGMENT FOR DEFENDANT. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. G. E. Hamaker.*

For respondent there was a brief over the name of *Messrs. Asher & Johnstone,* with an oral argument by *Mr. Hamilton Johnstone.*

MR. JUSTICE BENSON delivered the opinion of the court.

1, 2. The history of the litigation as appears from the record is as follows: The alleged cause of action

arose on June 1, 1913, since which time there have been four distinct actions brought thereon, three of which have been disposed of by voluntary nonsuits, and several amended complaints filed; the supplemental complaint herein being the ninth pleading tendered. The prior action which the defendant contends is still pending, and upon which he relies to abate the present proceeding, was disposed of by the trial court by a judgment in the following form:

"Whereupon counsel for plaintiff moves the court for judgment of voluntary nonsuit, which said motion is hereby granted and allowed, and judgment of nonsuit is hereby entered."

It will be observed that the entry is silent as to costs, and is therefore erroneous: Sections 562 and 564, L. O. L.; *Nob Hill Garage & Auto Co.* v. *Barde,* 69 Or. 260 (138 Pac. 836). However, the defendant took no steps to correct the judgment, and so far as the present proceeding is concerned, there is no prior action pending.

We next consider defendant's contention that the complaint does not state a cause of action. At the outset it is obvious that the language of which complaint is made does not charge plaintiff with, nor does it impute to her the commission of, any crime, nor is there any innuendo ascribing any such meaning to the words used. It is well established in this state that defamatory words are not actionable *per se,* unless they impute a crime involving moral turpitude: *Davis* v. *Sladden,* 17 Or. 259 (21 Pac. 140). It is also settled beyond controversy that, where the words used are not slanderous *per se,* they are not actionable unless special damages are alleged and proven: Odgers, Libel & Slander (4 ed.), 69; (25 Cyc. 454). The allegations of the complaint are to the effect that as a

result of the words used by defendant she has suffered anxiety and distress of mind, physical illness requiring expensive treatment in hospitals and elsewhere, and that the wrong complained of "has deprived her of the friendship, esteem, kindness, help and assistance of her friends and of society, which she had fully enjoyed prior thereto."

3, 4. Aside from the use of the phrase "substantial hospitality," the damages incurred consist of a loss of social intercourse and physical sickness. As to the allegation of a loss of "substantial hospitality," it is clear that this is not a sufficient allegation of injury to warrant a recovery. It has been uniformly held that special damages must be explicitly claimed and particulars given with certainty and precision: Odgers, Libel & Slander (4 ed.), 359. Loss of social intercourse and communion with friends cannot be made the basis for special damages; for, as is said in 25 Cyc. 525:

"The special damage must flow from impaired reputation. It must be a loss of a pecuniary character, or the loss of some substantial or material advantage."

5. The allegation of the complaint, to be of any value, must have stated some facts from which the conclusion would follow that there had been a loss of substantial hospitality. The great weight of authority is to the effect that physical sickness is not an element of special damages: 25 Cyc. 526; *Terwilliger* v. *Wands,* 17 N. Y. 54 (72 Am. Dec. 420); *Allsop* v. *Allsop,* 5 Hurl. & N. 534; Odgers, Libel & Slander (4 ed.), 354.

6. We do not discuss the allegations of the supplemental complaint, for the reason that an original complaint which states no cause of action cannot be remedied by a supplemental pleading setting up matters which have occurred since the commencement of the action: 31 Cyc. 504; 21 Ency. Pl. & Pr. 18, 19.

We conclude that the complaint does not state a cause of action, and the demurrer should have been sustained. A judgment for defendant will therefore be entered here.

JUDGMENT FOR DEFENDANT.     REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE McBRIDE concur.