Motion to dismiss denied December 21, 1926, argued March 20,
    affirmed April 17, objections to cost bill overruled and rehearing
    denied May 22, 1928.

# L. J. RUBLE *v.* R. J. KIRKWOOD.

### (266 Pac. 252.)

**Libel and Slander—In Determining Whether Letter is Libelous Per
Se, Court must Look to Letter in Its Entirety.**

1. In determining question whether alleged libelous letter is
actionable *per se*, court must look to letter in its entirety, and not
to isolated portions thereof.

**Libel and Slander—Statement That Plaintiff had Been Made Defend-
ant in Criminal Action Held not Libelous Per Se as Holding
Plaintiff Up to Public Hatred, Contempt and Ridicule, or as Im-
puting Commission of Crime, Involving Moral Turpitude.**

2. Letter written by defendant, president of savings and loan
association, to state corporation commissioner regarding plaintiff,
who had sold bonds and securities for savings and loan association,
which contained statement that plaintiff had been made defendant in
a criminal action, *held* not libelous *per se*, since it could not be
said as a matter of law that natural tendency would be to bring
plaintiff into public hatred, contempt and ridicule, and it was not
clear imputation of commission of crime involving moral turpitude.

**Libel and Slander—Action for Libel cannot be Based on Charge of
Having Committed Crime, Unless It is One Involving "Moral
Turpitude."**

3. An action for libel cannot be based on charge of having com-
mitted a crime, unless it is one involving moral turpitude; "moral
turpitude" being an act of baseness, vileness or depravity in private
and social duties which a man owes to his fellowmen or to society in
general, contrary to accepted and customary rule of right and duty
between man and man.

**Libel and Slander—To be Defamatory Per Se, Letter must be Capa-
ble of but One Meaning, and must be of Such Character That
Law will Presume Person has Been Damaged.**

4. To be defamatory *per se*, letters should be capable of but one
meaning, and must be of such character that law will presume person
of whom they are written to be damaged.

**Libel and Slander—Where Letter is not Libelous Per Se, Plaintiff
must Allege and Prove Special Damages.**

5. Where letter is not libelous *per se*, plaintiff must allege and
prove special damages in order to recover.

---

1. See 17 R. C. L. 313.
3. See 17 R. C. L. 265, 266.
4. What words are actionable *per se*, see notes in 1 **Am. Dec.**
448; 12 Am. Dec. 39; 41 **Am. Rep.** 590; 116 **Am. St. Rep.** 802. See,
also, 17 R. C. L. 264.
5. See 17 R. C. L. 391.

**Libel and Slander—Jury Should not be Permitted to Enter Realm of Speculation and Uncertainty Regarding Damages in Libel Action.**

6. In libel action, where letter was not libelous *per se,* jury should not be permitted to enter realm of speculation and uncertainty as to damages.

**Libel and Slander—Plaintiff's Statement That He Could have Made Profit of $5,000 if Defendant had not Written Alleged Libelous Letter Held Insufficient Evidence on Which to Base Special Damages.**

7. Where letter, which defendant, president of savings and loan association, former employer of plaintiff, wrote to state corporation commissioner after competitor had made application to commissioner to have license issued to plaintiff, so that he could sell bonds and securities, was not libelous *per se,* plaintiff's statement that he could have made net profit of $5,000 if defendant had not written letter *held* insufficient evidence on which to base special damages.

**Libel and Slander—Where Letter was not Libelous Per Se, and Evidence Did not Establish Actual Damages, Submitting Question of Punitive Damages to Jury Held Error.**

8. In libel action, where letter was not libelous *per se,* and there was no evidence tending to show with any degree of certainty that plaintiff was actually damaged, court erred in submitting to jury question of punitive damages, since exemplary damages cannot be made cause of action.

---

Damages, 17 *C. J.,* p. 974, n. 21.
Evidence, 23 *C. J.,* p. 52, n. 79.
Libel and Slander, 36 *C. J.,* p. 1150, n. 76, p. 1151, n. 84, 90, p. 1157, n. 71, p. 1196, n. 83, p. 1198, n. 20; 37 *C. J.,* p. 100, n. 20, p. 102, n. 36.
Moral, 41 *C. J.,* p. 212, n. 63.

From Multnomah: WALTER H. EVANS, Judge.

Department 2.

AFFIRMED.     REHEARING DENIED.

For appellant there was a brief over the name of *Mr. Emerson U. Sims,* with an oral argument by *Mr. W. O. Sims.*

For respondent there was a brief over the name of *Messrs. McCamant & Thompson,* with an oral argument by *Mr. Wallace McCamant.*

---

8. Actual damages as necessary predicate of punitive or exemplary damages, see note in 33 A. L. R. 384. See, also, 8 R. C. L. 593.

BELT, J.—This is an action to recover damages for an alleged libel. It is predicated on a letter written by the defendant, R. J. Kirkwood, president and general manager of the Union Savings & Loan Association, to the State Corporation Commissioner of and concerning the plaintiff. The only portion of the letter set out in the complaint is the recital that the plaintiff "has now been made a defendant in a criminal action." For several years plaintiff had been employed by the Union Savings & Loan Association as a salesman of bonds and securities in the City of Portland, but such employment was terminated a few days prior to the date of this letter, December 27, 1924. On January 3, 1925, The Fidelity Reserve & Loan Company, a competitor of the Union Savings & Loan Association, made application to the Corporation Commissioner to have a license issued to plaintiff so that he could act as its sales agent. Before this license was issued, on January 12, 1925, The Fidelity Reserve and Loan Company rescinded plaintiff's contract of employment.

It is the theory of plaintiff that such rescission was the proximate result of the letter written by Kirkwood and had it not been for this wrongful act he would have been enabled to earn a commission of $5,000 on the sale of stock in the Fidelity Reserve & Loan Company. Plaintiff complains that his reputation as a salesman and as an upright citizen has been injured by reason of this alleged defamatory letter. Judgment was demanded against both defendants for $25,000 as general damages and the sum of $5,000 as special damages. After the issues were joined on the pleadings and before trial, the action

was dismissed as to the defendant Union Savings &
Loan Association.

The defendant Kirkwood answered in substance,
after denying that plaintiff had been damaged, that the
letter written to the Corporation Commissioner was a
qualifiedly privileged communication made in good
faith and without malice, in the belief that the state-
ments therein contained were true. It is conceded that
the plaintiff had not been made a defendant in any
criminal action. Verdict and judgment was had for
the defendant Kirkwood. Plaintiff appeals.

1. The major assignment of error is that the trial
court held the letter in question to be not actionable
*per se.* It is well settled that in determining this
question we must look to the letter in its entirety and
not to isolated portions thereof. Plaintiff has not
seen fit to plead innuendo but relies solely upon the
allegation that defendant stated he "has now been
made a defendant in a criminal action." We quote
the following portion of the letter which is deemed
material:

"While in our employ and enjoying our full confi-
dence, Mr. Ruble took advantage of his knowledge of
several persons who had substantial balances with
the association and induced them to withdraw their
funds from the association and invest their money in
his speculative enterprises. This he has admitted to
me. *He has now been made defendant in both civil
and criminal actions,* brought by one of the persons
who he has induced to withdraw from this association,
while he was still in our employ, the plaintiff alleging
gross fraud and misrepresentation. I confronted Mr.
Ruble with the statements made by this man and he
confessed to a number of the allegations made. The
name of the plaintiff in this case is Mr. Mark Franck-
lin, Route 7, Box 228, Portland. I am furnishing this

for any further investigation you might wish to make.''

It will be observed from the words which we have italicized in the above paragraph that there is a slight variance between the allegation of the complaint and the proof.

2. We are of opinion that the letter is not libelous *per se.* We cannot say, as a matter of law, that its natural tendency would be to bring the plaintiff into public hatred, contempt and ridicule. It is not a clear imputation, either express or implied, of the commission of a crime involving moral turpitude.

3. While the authorities are conflicting in other jurisdictions, it is settled here that an action for libel cannot be based on a charge of having committed a crime unless it is one involving moral turpitude: *Clark* v. *Morrison,* 80 Or. 240 (156 Pac. 429); *Davis* v. *Sladden,* 17 Or. 259 (21 Pac. 140). The rule is thus stated in Newell on Slander and Libel (3 ed.), Section 71:

''The charge must clearly impute an offense which would subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, although it need not state the charge with all the precision of an indictment.''

We think, however, the test as to whether an article is libelous *per se* should depend not upon the extent of the punishment but rather upon the effect of its publication upon those to whom it is communicated.

Moral turpitude is defined to be:

''An act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow man or to society in general contrary to the accepted and customary rule of right and duty between

man and man.''   41 C. J. 212; Bouvier's Law Diction-
ary (3 Rev.), p. 2247; Newell on Slander and Libel
(3 ed.), § 66.

It is said that plaintiff has been made a defendant
in a criminal action. We inquire: What kind of a
criminal action? Was it one involving murder or the
violation of the speed law? Was he charged with for-
gery or trespass? Robbery or hunting ducks without
a license? One might accuse another of many statu-
tory crimes without necessarily blackening the mem-
ory of his good name or causing him to be shunned
by his fellowman. There is nothing in the letter to
carry with it the imputation of guilt. In most of the
cases holding that an article is libelous *per se* which
states that a person has been arrested or indicted for
some particular crime, there are coupled therewith
other words from which a reasonable imputation of
guilt may be drawn. After a diligent search we have
found no case going so far as to hold actionable *per se*
the bare statement that a person has been made a
defendant in some unnamed criminal action.

4. When the letter in its entirety is considered it is
doubtful whether the defendant in fact did charge the
plaintiff with having been made a defendant in a
criminal action for he states that the action was
''brought by one of the persons who he induced to
withdraw from this association.'' Criminal actions
are brought in the name of the state. At least the
letter is reasonably susceptible of two constructions,
one that reference is made to a criminal action and
the other that plaintiff was involved in some sort of a
civil action. To be defamatory *per se* the letter
should be capable of but one meaning: 36 C. J. 1150.
The words must be of such character that the law will

125 Or.—21

presume the person of whom they are written to have been damaged. Words having a doubtful meaning cannot be declared, as a matter of law, to be actionable *per se.*

5–8. Having held that the letter is not libelous *per se,* it follows that plaintiff must allege and prove special damages: *Peck* v. *Coos Bay Times Co.,* 122 Or. 408, 259 Pac. 307, and cases therein cited. Plaintiff can have no recourse to general damages, that is, such as the law would presume as the natural and proximate result of the publication of defamatory matter. We therefore inquire: Is there any proof that plaintiff has sustained actual damages? He claims a loss of profit on sales of stock which he could have made in the future. There is no evidence as to any probable sales or to any contracts with particular customers who would have bought this stock. He had never sold any of the stock. There is no reasonable basis upon which to predicate damages. The jury should not be permitted to enter the realm of speculation and uncertainty. The bald statement of plaintiff that he could have made a net profit of $5,000 will not suffice. Since the letter is not libelous *per se* and there is no evidence tending to show with any degree of certainty that plaintiff was actually damaged, it was error to submit to the jury the question of punitive damages. Exemplary damages cannot be made the basis of a cause of action: Sutherland on Damages (4 ed.), § 406; 8 R. C. L. 593; 17 C. J. 974.

In view of the conclusions reached that the alleged defamatory letter is not libelous *per se* and that there is no evidence of actual damages, it is not necessary to consider other assignments of error. As we view the record there was no issue to submit to the jury.

The judgment of the lower court dismissing this action is affirmed.          AFFIRMED.     REHEARING DENIED.

BEAN and BROWN, JJ., concur.

RAND, C. J., concurs in the result.