[Civ. No. 8676.   Third Dist.   Dec. 6, 1955.]

MARY MEGARRY et al., Appellants, v. JAMES NORTON, Respondent.

582

O'Hara, Randall, Castagnetto & Kilpatrick for Appellants.

O'Hara, O'Hara & Healy for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment entered when appellants declined to amend their complaint after the trial court had sustained a demurrer thereto.

The complaint alleges that appellants are the owners of a business establishment located at 520 El Dorado Street in Vallejo and that they reside on property adjacent thereto; that for some time prior to February 13, 1952, the respondent, in violation of a city ordinance, continuously during the morning and evening hours parked his automobile at or about said establishment; that on February 13, 1952, the appellants caused to be posted upon respondent's automobile a notice which called his attention to his parking violations and advised him that if these violations continued the owners would call the attention of the traffic officers to the same; that on the next day the respondent "contriving to injure the plaintiffs, and each of them, in their reputation and to bring them into public contempt and ridicule" maliciously and wrongfully hung a sign upon a motor vehicle, parked at said location, in view of appellants' neighbors, the public, and the named traffic patrolman, which sign bore the inscription "Nuts to You—You Old Witch"; that appellants' neighbors, the public, and said officer, due to the location of said sign, reasonably understood the inscription thereon to refer to appellants and that as a result thereof appellants suffered distress of body and mind to their damage in the sum of $5,000. They prayed for both general and exemplary damages.

It is apparent from the facts alleged that the sign placed in public view, as alleged, by respondent was intended to subject appellants to contempt and ridicule and its wording, its design and the place and manner of its publication made it apt for the achievement of that purpose. Under the provisions of section 45 of the Civil Code, therefore, the publication, if false, was libelous.

In determining whether a publication is libelous or not it must be considered as a whole and must not be divided into segments and each portion treated as a separate unit. (*Washer* v. *Bank of America,* 87 Cal.App.2d 501 [197 P.2d 202]; *Blake* v. *Hearst Publications Inc.,* 75 Cal.App.2d 6 [170 P.2d 100]; *Harris* v. *Curtis Publishing Co.,* 49 Cal.App. 2d 340 [121 P.2d 761]; *Rosenberg* v. *J. C. Penney Co.,* 30 Cal.

App.2d 609 [86 P.2d 696].) █ Treating the publication here complained of as a whole, the opening phrase "Nuts to You" discloses a purpose to expose the objects thereof to contempt and ridicule and the further and accompanying phrase "You Old Witch" was clearly used in a derogatory sense. █ In determining whether words are capable of defamatory meaning, the courts will construe them according to the fair and natural meaning that will be given them by reasonable persons of ordinary intelligence and will not consider what persons, setting themselves to work to deduce some unusual meaning, might extract from them. (*Lorentz* v. *R.K.O. Radio Pictures, Inc.*, 155 F.2d 84.) █ The words used here are not fairly susceptible of an innocent interpretation (*Peabody* v. *Barham*, 52 Cal.App.2d 581, 584 [126 P.2d 668]), for, assuming the truth of the charges that respondent acted under the circumstances alleged, then it is apparent that he intended to expose these women to contempt and ridicule and that he went about it effectively.

Respondent interposed both a general and a special demurrer. He claims here that some of the specifications of special demurrer were good and that, therefore, since leave to amend was given and refused, the judgment appealed from must be affirmed. We do not agree. █ He says that the appellants were not identified in the publication as being the objects thereof. That element, however, is supplied by the allegations of the complaint as to the ownership of the property in front of which the sign was displayed, coupled with the allegations that the persons to whom the publication was made understood that the appellants were being thereby described. That is sufficient. He argues further that the alleged defamation is not libelous on its face and, therefore, in order to state a cause of action, the complaint must contain the technical requirements of innuendo, inducement and colloquium. But respondent's promise is not sound. █ The publication, once it is shown, as alleged, that appellants were the objects thereof, is libelous on its face as that phrase is used in section 45a of the Civil Code. Hence, it was unnecessary to allege explanatory matters such as inducement, innuendo or other extrinsic facts. Appellants' complaint stated a cause of action and was not subject to the special demurrer pleaded.

The judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.