Argued October 8, affirmed November 12, 1959

## HUDSON *v.* PIONEER SERVICE COMPANY

346 P. 2d 123

*Robert E. Jones,* Portland, argued the cause for appellant. On the brief were Anderson, Franklin & O'Brien, Paul D. Hanlon, Portland, and Thompson & Sahlstrom, Eugene.

*Sidney A. Milligan* argued the cause for respondent. On the brief were Milligan & Brown, Eugene.

Before McALLISTER, Chief Justice, and LUSK, O'CONNELL and REDDING, Justices.

REDDING, J. (Pro Tempore)

This is an action for libel, based upon a printed report published and distributed by the defendant, in which the plaintiff was listed as a delinquent debtor. The case was tried to a jury, and at the close of the evidence the court sustained the defendant's motion for a directed verdict. The plaintiff has appealed from that ruling.

The defendant, Pioneer Service Company, Inc., is an Oregon corporation engaged in the business of credit reporting to paying subscribers to its service. On or about January 5, 1955, the defendant printed and distributed to approximately 200 of its subscribers in Eastern Oregon a certain commercial and professional report which listed debtors as delinquent, giving the amounts of such delinquencies. Included in the 200 persons, firms and corporations engaged in business in Eastern Oregon to whom this report was sent were 13 paying subscribers in John Day and one nonpaying subscriber, the Grant County Bank in John Day, Oregon. The plaintiff's name was listed in this report under the heading of Canyon City, and the report stated that the plaintiff was delinquent in the amount of $31.95 on an account incurred in John Day.

The copy of the credit report listing the plaintiff as a delinquent debtor which was sent to the Grant County Bank was observed by plaintiff's wife on the mail desk behind the counter, where two other employees were looking at it.

As a result of the publication, plaintiff alleges he was very upset, shocked, angry and humiliated.

The plaintiff had been a resident of Canyon City for approximately nine years prior to the publication complained of. He was in business as a wholesale bakery goods distributor to start with, later he was employed by an automobile dealer, after which he went to work for the Edward Hines Lumber Co. at Seneca as a logger and was so employed for approximately three years. This employment continued for more than a year after the publication.

In passing upon defendant's motion for a directed verdict, the trial judge found that the evidence when considered in a light most favorable to plaintiff was sufficient to sustain a finding that the report listing plaintiff as a delinquent debtor was inaccurate, and that it had been published recklessly. Assuming without deciding that the trial judge was correct in so holding, it becomes necessary to here determine whether the publication was libelous per se, and, if so, whether the publication was privileged.

■ There is neither allegation nor proof of special damages. Under such circumstances no cause of action is stated, unless the publication is libelous per se. *Ruble v. Kirkwood*, 125 Or 316, 266 P 252; *Peck v. Coos Bay Times Publishing Co.*, 122 Or 408, 259 P 307, and cases therein cited.

In *Peck v. Coos Bay Times Publishing Co.*, supra, this court approved the following definition of libels actionable per se:

"\* \* \* defamatory words to be libelous *per se* must be of such a nature that the court can presume as a matter of law that they will tend to disgrace and degrade the party or hold him up to

public hatred, contempt or ridicule, or cause him to be shunned and avoided."

See also *Reiman v. Pacific Development Society,* 132 Or 82, 284 P 575; *Marr et al. v. Putnam et al.,* 196 Or 1, 246 P2d 509.

■ Can the court presume as a matter of law that a writing charging one who is not a trader or merchant or engaged in any vocation where credit is necessary for the proper and effectual conduct of his business with being a delinquent debtor will tend to disgrace and degrade him or hold him up to public hatred, contempt or ridicule or cause him to be shunned or avoided? We think not.

A clear statement of the applicable rule is found in 33 Am Jur, Libel and Slander 78, § 60:

> "As respects a charge of failure to pay debts, without any imputation of insolvency, it seems to be settled that a writing containing the mere statement that a person who is not a trader or merchant, or engaged in any vocation wherein credit is necessary for the proper and effectual conduct of his business, owes a debt and refuses to pay, or owes a debt which is long past due, is not libelous per se and does not render the author or publisher of such statement liable without proof of special damages. Such a statement does not in legal sense necessarily expose the person of whom it is said to public hatred, contempt, or ridicule, nor does it degrade him in society, lessen him in public esteem, or lower him in the confidence of the community."

Harper on Torts 521, § 243, states the rule thus:

> "* * * A written charge that a person is a delinquent debtor, without imputing insolvency or inability to pay debts, has met with varied results in libel actions. The question arises frequently

when a member of a credit association reports a person as delinquent in meeting his obligations. Where the person reported is a trader or one engaged in some kind of business to which credit is an important asset, such a report has been held libelous. If the plaintiff is not a trader, the better rule seems to be that the imputation is not libelous, unless it fairly implies that the plaintiff has failed to pay the debt from dishonest motives and from a desire to defraud the creditor."

Also see *Harrison v. Burger,* 212 Ala 670, 103 So 842; *Davis v. General Finance & Thrift Corporation,* 80 Ga App 708, 57 SE2d 225; *Mell v. Edge,* 68 Ga App 314, 22 SE2d 738; *Estes v. Sterchi Bros. Stores, Inc.,* 50 Ga App 619, 179 SE 222; *Porak v. Sweitzer's, Inc.,* 87 Mont 331, 287 P 633; *Weaver v. Beneficial Finance Company,* 200 Va 572, 106 SE2d 620; *Rosenberg & Sons, Inc. v. Craft,* 182 Va 512, 29 SE2d 375; *Denney v. Northwestern Credit Ass'n et al.,* 55 Wash 331, 104 P 769; 53 CJS, Libel and Slander 67, § 23; 31 Temple Law Quarterly 50.

In the case at bar the publication does not suggest dishonesty, insolvency or bankruptcy. The plaintiff in his complaint does not allege that he was a merchant or trader or that he was engaged in a vocation where credit was necessary. The alleged defamatory statement made in regard to him is in no way related to the manner of his performance of his duty as a logger. We hold that the credit report listing the plaintiff as a delinquent debtor is not libelous per se. That being the case, it is not actionable, since plaintiff has failed to allege special damages. The allowance of defendant's motion for a directed verdict was proper and the judgment appealed from is affirmed.