## PINEDO v. HALPER.  (No. 2283.)

Court of Civil Appeals of Texas. El Paso. May 9, 1929.

Rehearing Denied May 30, 1929.

Van Sickle & Fisher, of Alpine, and Harold Potash, of El Paso, for plaintiff in error.

J. C. Fuller, of Marfa, and Kemp & Nagle, of El Paso, for defendant in error.

PELPHREY, C. J. This suit was instituted by defendant in error, as plaintiff, against plaintiff in error, as defendant, in the district court of Presidio county, to recover the sum of $2,697.60, alleged to be double the amount of interest paid by plaintiff to defendant during the term of two years immediately preceding the filing of this suit.

Defendant in error alleged that he had negotiated three separate loans from plaintiff in error and had paid him usurious interest on the respective loans, within the two-year period, as follows: First loan, $703; second loan, $285; third loan, $360.80—making a total of $1,348.80.

Plaintiff in error answered by general demurrer, certain special exceptions, general denial, and specially pleaded that the matters of the different loans were transacted by and through J. C. Fuller, attorney for defendant in error, and that all writings pertaining to said loans were prepared by him; that the loans were extended until the year 1929, but that on April 28, 1928, a compromise settlement was had of all matters between the parties; that no specific rate of interest was paid and no unlawful rate of interest charged, and that defendant in error is estopped by said settlement and compromise to claim usurious interest or penalty; that the said settlement was proposed and sought by defendant in error and his attorney, and, if usurious interest was paid, such fact was unknown to plaintiff in error, and that defendant in error is therefore estopped from now claiming usurious interest and penalties; that plaintiff in error did not speak, read, or write the English language, and that, if he signed any writing calling for an unlawful rate of interest, he did so as a result of being overreached and on account of the fraud of defendant in error and his attorney; and that, if he violated any law in the matter, his action was unintentional and due to his ignorance; and that he tenders into court any excess of interest that may have been collected by him.

Plaintiff in error further pleaded a cross-action seeking damages in the sum of $100 for failure of defendant in error to pay a certain check for that amount alleged to have been given by defendant in error as an interest payment, and the sum of $5,000 for damages occasioned by the filing of this suit, which he alleged was done maliciously.

Defendant in error in a supplemental petition demurred specially to plaintiff in error's answer, denied generally the matters alleged in said answer, specially denied any compromise or settlement as alleged by plaintiff in error, and also specially denied plaintiff in error's allegations as to the $100 check.

The court sustained the special exceptions of defendant in error to plaintiff in error's answer, and struck out of said answer the paragraph setting up a cross-action.

Upon the conclusion of the testimony, the court instructed the jury to return a verdict for defendant in error for the sum of $2,597.60, being the amount sued for, less a credit of $100 as set up by plaintiff in error.

Upon the jury's verdict being returned as instructed, the court rendered judgment against plaintiff in error for $2,597.60, and he has appealed.

### Opinion.

Plaintiff in error submits eleven propositions upon which he seeks a reversal of the case.

The first six propositions relate to the court's action in instructing a verdict in favor of defendant in error; No. 7 to the introduction of testimony; No. 8 to the court's failure to submit the issue of conspiracy; Nos. 9, 10, and 11, to the court's action in sustaining special exceptions to certain paragraphs of his answer.

Paragraph 7 of defendant's answer reads:

"Defendant further shows to the court that in all his transactions with the plaintiff herein that no liens were ever given or notes signed and that there was never any agreement or contract in writing to charge twelve per cent interest and that he at no time ever intentionally or knowingly collected or received any interest in excess of ten per cent and that if he ever collected any amount of interest in excess of the rate allowed by law, that he did so unintentionally and unknowingly and did not intend to do so. That the defendant is unlearned and does not speak, read or write the English language, and that in all of his transactions relative to the loaning of money to the plaintiff and taking papers and deeds and executing receipts and releases and other writings he trusted the plaintiff and plaintiff's attorney to the extent that he did not believe that the plaintiff nor his attorney would permit him to sign any paper or writing, which he could not read and understand, that was unlawful or illegal and that would penalize him and cause him to violate the law of the State and be classed as a law-violator; that if he signed any such instruments or writings that showed upon the face of such, or otherwise, that he was violating the law, that he was overreached and induced to do so by the plaintiff and his attorney, and that he was designedly and with malice aforethought induced to do so by fraud and deception and with a view of making testimony to be used in the trial of this cause in the recovery of a large penalty. Defendant says he was ignorant of all these things and that the plaintiff and his attorney were either equally ignorant of the law or they did not maliciously, designedly and for the very purpose of mulching the defendant in damages.

"Wherefore, defendant says that if it should be shown that he has violated any law or collected any interest unlawfully in excess of the legal rate, that he did so unknowingly and unintentionally, and was invited, induced and

led to do so through his ignorance, by the plaintiff and his attorney, and that he stands ready to return the excess into court and purge himself of the ignorance of the law under the circumstances."

Defendant in error specially excepted to portions of this paragraph as follows:

"Plaintiff specially excepts to that part of paragraph 7 of said answer, wherein he pleads:

"(a) That he did not believe that plaintiff or his attorney would permit him to sign anything which was unlawful or would penalize him, and

"(b) That he was overreached and induced by plaintiff and his attorney, and that he was designedly and with malice aforethought induced to sign same by fraud and deception, no facts being stated and no grounds of defense being alleged, and,

"(c) Wherein he alleges, that he was ignorant of the law and that plaintiff or his attorney were also either ignorant of the law or did not maliciously in ignorance of the law constituting no defense, and of all these exceptions severally plaintiff prays judgment of the court."

The trial court sustained these exceptions, and his action in so doing is made the basis of plaintiff in error's second assignment. In the statement and argument in his brief, plaintiff in error has grouped the propositions under this assignment with his propositions relating to the introduction of a receipt signed by plaintiff in error, in which he acknowledged the collection of 12 per cent. interest on the loans and the failure of the court to submit to the jury the question of conspiracy between defendant in error and his counsel in obtaining the signature of plaintiff in error to such receipt.

■ The allegations complained of are not to the effect that he was induced by defendant in error and his attorney to accept 12 per cent. interest, but that he, trusting them not to lead him to do anything unlawful, was induced to sign papers. There was no fiduciary relation existing between them and him, and it was his duty to use ordinary care in seeing that the papers he signed did not call for an unlawful rate of interest.

■■ The effect of the whole of paragraph 7 is that he was ignorant of the law and that defendant in error and his attorney were either equally ignorant or were influenced by improper motives in permitting him to sign papers which called for an unlawful rate of interest. Furthermore, in alleging a conspiracy, a general allegation, without setting forth the facts upon which the charge of fraudulent conspiracy is predicated, will not suffice. The facts and circumstances which constitute it should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called upon to answer. Wells v. Houston, 23 Tex. Civ. App. 629, 57 S. W. 584; 12 C. J. p. 630, § 216; 9 Enc. Pl. and Prac. 686, 687. We are of the opinion that the allegations were insufficient and that the special exceptions were properly sustained.

■ The court, in sustaining the special exceptions, struck from plaintiff in error's answer paragraph 9, in which he prayed for damages for the unlawful and malicious filing of the suit by defendant in error. This is the character of a suit which the statute expressly permits, and no damage would arise from the mere bringing of the same; therefore paragraph 9 was properly stricken out.

■ The question of conspiracy was not in the case, and the requested issue submitting same to the jury was properly refused.

■ Nor did the court commit error in permitting the introduction of the receipt objected to. The receipt was given to defendant in error at the time he paid his indebtedness, and, while it was probably not necessary, there was nothing improper about it. The question of whether it was read and understood by plaintiff in error was a disputed fact, and related to the weight to be given to it rather than to its admissibility.

The court instructed the jury to find for defendant in error in the sum of $2,597.60, which the court said was the amount sued for, less a credit of $100 as set up by plaintiff in error.

Defendant in error alleged that he had paid plaintiff in error, within two years next preceding the filing of the suit, the total sum of $1,348.80, and prayed for judgment in double that amount, or $2,697.60.

Plaintiff in error alleged in his answer that he held a check in the sum of $100 for interest which had been given him by defendant in error and not paid by the bank. Defendant in error alleged in his supplemental petition that the $100 check mentioned in plaintiff in error's answer was given in part payment for a note executed by Jesus Benivedes which plaintiff in error held, but there appears to be no evidence in the record to support this allegation. If plaintiff in error's contention that the check was for interest is correct, then the judgment rendered is excessive, in that the amount of interest paid by defendant in error would be $1,248.80 instead of $1,348.80, and double that amount would be $2,497.60 instead of $2,597.60, for which amount judgment was rendered. This might not be true if the check was given for interest but was not included in the amount sued for, but in that case plaintiff in error would be entitled to no credit.

In the state of the record the judgment is excessive in the sum of $100, but the judgment will be affirmed on condition that appellee, within twenty days from the date of this judgment, shall file a remittitur for that amount, and, upon his failure so to do, the judgment will be reversed, and the cause remanded.