Decided at PENDLETON, July 18, 1896.

## MITCHELL v. SILVER LAKE LODGE.

[45 Pac. 798.]

WRONGFUL ATTACHMENT — PLEADING — NECESSARY ALLEGATIONS. — In an action for unlawful attachment, not brought upon the attachment bond, the complaint must allege that the attachment was sued out maliciously and without probable cause, and the omission of such allegation is not cured by verdict where the sufficiency of the pleading is challenged at the trial.

·From Wallowa: ROBERT EAKIN, Judge.

NOTE — The following list of annotated cases relate to the abuse of civil process: *Brand* v. *Hinchman* (Mich.), 13 Am. St. Rep. 362; *Pope* v. *Pollock* (Ohio), 15 Am. St. Rep. 608, 4 L. R. A. 225; *McPherson* v. *Runyon* (Minn.), 16 Am. St. Rep. 727; *Antcliff* v. *June* (Mich.), 21 Am. St. Rep. 533, 10 L. R. A. 621; *Smith* v. *Burrus* (Mo.), 27 Am. St. Rep. 329, 13 L. R. A. 59; *Norcross* v. *Otis*, 34 Am. St. Rep. 669; *Sneeden* v. *Harris* (N. C.), 14 L. R. A. 389; *Le Clear* v. *Perkins* (Mich.), 26 L. R. A. 267. — REPORTER.

This is an action by James M. Mitchell and others against Silver Lake Lodge, Number Eighty-four, Independent Order of Odd Fellows, to recover damages for an alleged abuse of legal process. The facts are that the defendant, a corporation, having commenced an action in the Circuit Court of Wallowa County against the plaintiffs to recover one thousand dollars, sued out a writ of attachment, in pursuance of which the sheriff of said county attached certain real and personal property in the possession of and owned by them. Thereafter the said court, upon motion, dissolved the attachment, and ordered the officer to return the personal property. The plaintiffs allege that the said attachment of their property was wrongful and without sufficient or any cause, and that in consequence thereof they were damaged in the sum of seven hundred and twenty-six dollars, for which they demand judgment. The answer having put in issue the material allegations of the complaint, at the trial plaintiffs introduced their evidence and rested, whereupon defendants' counsel moved the court for a judgment of nonsuit, which, being overruled, and the defendant refusing. to introduce any evidence, the jury returned a verdict for the plaintiffs in the sum of one hundred and twelve dollars, and from the judgment thereon defendant appeals.   REVERSED.

For appellant there was a brief and an oral argument by *Messrs. F. S. Ivanhoe and D. W. Sheahan.*

For respondents there was a brief and an oral argument by *Mr. Charles H. Finn.*

Opinion by MR. JUSTICE MOORE.

It is contended by counsel for the defendant that, the plaintiffs not having alleged that the attachment of their property was malicious, the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the motion for a nonsuit, and rendering judgment on the verdict. The first question presented for consideration is whether this action is brought upon the undertaking, for, if so, the complaint is sufficient, as it alleges that the attachment was "wrongful and without sufficient cause" (Hill's Code, § 146); and malice being, in such case, no ingredient of the right of action, it was unnecessary to allege or prove that the writ was maliciously sued out or served. The complaint sets out a copy of the undertaking, from which it appears that it was signed by the sureties only, who are not made parties, and hence the remedy invoked is not predicated thereon. The rule is well settled that, upon the termination of a civil action in favor of the defendant, the costs and disbursements awarded him by law are considered to be an adequate compensation for his injury, and a sufficient punishment of the plaintiff for prosecuting an unfounded claim: *Brand* v. *Hichman*, 68 Mich. 590 (13 Am. St. Rep. 362, 36 N. W. 664). Courts are ever open to litigants for the adjudication of their rights, and, although a party may have been induced by malice to institute an action, so long as he does not cause the arrest of the defendant, or his property to be

attached, the costs awarded upon the dismissal of
the proceedings are deemed by the legislative as-
sembly suitable compensation for the injury suf-
fered by the defendant in consequence of the action,
and the law affords him no other remedy, for if he
were permitted to maintain an action of malicious
prosecution when he had sustained no special in-
jury, the former plaintiff, if the action terminated
in his favor, might institute a similar action, which
course could be repeated until the plaintiff won,
thus rendering litigation interminable: Cooley on
Torts, 189. In *Norcross* v. *Otis*, 152 Pa. St. 481,
(34 Am. St. Rep. 669, 25 Atl. 575,) PAXSON, C. J.,
in discussing this question, says: "If the law were
not so, there would be no end of litigation. If the
plaintiff, in an action of this kind, should fail to
recover, the defendant in turn would bring a suit
against him on the ground that the former suit was
malicious, and so long as there was no recovery for
the plaintiff, the parties could keep on suing each
other until the end of time." If, however, the de-
fendant has been arrested or his property attached
in an action which terminates in his favor, he has
sustained a special injury, which cannot be com-
pensated by the costs and disbursements prescribed
by statute, and, if such action were instituted
through malice, and prosecuted without probable
cause, upon the common-law theory that wherever
there is an injury there is also a remedy, the de-
fendant may maintain an action of malicious prose-
cution to recover the damages sustained: *Closson* v.
*Staples*, 42 Vt. 209 (1 Am. Rep. 316); *Whipple* v.

*Fuller,* 11 Conn. 582 (29 Am. Dec. 330); *Potts* v. *Imlay,* 1 Southard, 330 (7 Am. Dec. 603); *Williams* v. *Hunter,* 3 Hawks, 545 (14 Am. Dec. 597); *Savage* v. *Brewer,* 17 Pick. 453 (28 Am. Dec. 255); *Smith* v. *Burrus,* 106 Mo. 94 (13 L. R. A. 59, 16 S. W. 881, 27 Am. Rep. 329; *Forster* v. *Orr,* 17 Or. 447 (21 Pac. 440).

It is certain that a defendant who has sustained an injury by the attachment of his property maliciously and without probable cause, has two remedies for the recovery of his damages,—*first,* by an action on the undertaking; and, *second,* by an action for the malicious attachment. But, having a remedy on the undertaking, the defendant, in the absence of a statute conferring the right, cannot maintain an action against the plaintiff for the mere wrongful suing out of the writ: Drake on Attachment, §§ 114, 726. Where such a right is conferred, however, it has been held that the defendant has another remedy on the facts of the case, and may recover according to the statute. In *Jerman* v. *Stewart,* 12 Fed. 266, Mr. Justice HAMMOND, in construing the statute of Tennessee, which provides that under certain circumstances the defendant may sue on the attachment bond, and recover such damages as he has actually sustained by the issuance of the writ, and if sued out maliciously as well as wrongfully, the jury may in the trial of such action give vindictive damages, said: "I think the defendant in attachment has three remedies,—*first,* he may sue on the bond and recover according to its conditions; *second,* he may sue the plaintiff on the facts of the

case, and recover according to the statute, precisely
as if the plaintiff had given a bond; *third*, he may
sue for malicious prosecution, as at common law,
and recover according to the common law, where
there has been malice and want of probable cause."
And Mr. Waples in his work on Attachment, § 1018,
says: "Probable cause does not render the creditor
free from liability for wrongful attachment as to
actual damages, though it does as to exemplary,"
and cites in support thereof *Yarborough* v. *Weaver*,
25 S. W. 468; *Carothers* v. *McIlhenny*, 63 Texas, 140;
*Culbertson* v. *Cabeen*, 29 Texas, 253. It would seem
from a casual inspection of the text quoted that the
defendant whose property had been wrongfully at-
tached had a remedy for the recovery of the actual
damages sustained, independent of the bond, upon
the mere allegation of the wrongful attachment and
resultant injury, without an allegation of malice;
but upon examination of the cases to which refer-
ence is made it appears that each action was
brought upon the bond under a statute which per-
mits the defendant in the original action to chal-
lenge the truth and sufficiency of the affidavit, be-
fore the attachment is dissolved, by a pleading
known as "reconvention," in the nature of a cross-
bill, and the author in speaking of this remedy,
section 995, says: "Reconvention under such cir-
cumstances is anomalous, for the declaration on the
attachment bond is thus made before any liability
on it has been matured. If the evidence is such
that wrongful attachment has been proved, and re-
sultant injury established, the jury gives the ver-

dict covering both issues, and the court gives the reconvenor judgment on the bond when he decrees the dissolution of the attachment, and judgment for the defendant in the action against him for debt." It will thus be seen that actual damages may be recovered in an action upon the undertaking without an allegation of malice, but, our statute having failed to furnish a special remedy for the recovery of damages in such cases, the plaintiff can have but two remedies for his injury. The rule appears to be general that in all actions brought by the defendant for the recovery of damages resulting from an unlawful attachment of his property under a legal writ issuing from a court of competent jurisdiction, except when instituted upon the undertaking, or where specially authorized by statute, the form of action is case and not trespass [1 Chitty on Pleading, *133 (26 Am. and Eng. Ency. of Law, 704); *Shaver* v. *White*, 6 Mumford, 110 (8 Am. Dec. 730); *Turner* v. *Walker*, 3 Gill and J. 377 (22 Am. Dec. 329]; in which malice on common law principles is indispensable to its maintenance: Drake on Attachment, § 726; Wade on Attachment, § 311.

In *Young* v. *Gregory*, 3 Call, 446, (2 Am. Dec. 556,) ROANE, J., in discussing the question, says: "The decisions upon this principle have settled the law to be that there must be an averment in the declaration of both malice and the want of probable cause. Without the first, the motive is not corrupt, however mistaken the party suing may be; and where there is a probable cause for suing, the ingredient of malice cannot convert the act of suing

into a culpable offense." Mr. Drake, in his work
on Attachment (7th ed.), § 732, referring to this
case in his discussion of an action for malicious
prosecution, says: "The earliest adjudication con-
cerning this action in this country with which we
have met was in Virginia in eighteen hundred and
three, when it was decided that no action could be
sustained unless it appeared that the plaintiff, in
attaching the defendant's property, acted maliciously
and without probable cause; and that it was not
sufficient for the declaration to aver that the attach-
ment was 'without any legal or justifiable cause,'
but it must allege the want of probable cause. This
doctrine has since been recognized and affirmed in
many states." See note 7 to this section for au-
thorities cited and relied upon to support the text.
"Three things," says MAXWELL, J., in *Palmer* v.
*Keith,* 16 Neb. 91, (20 N. W. 103,) "are necessary
to be alleged and proved, viz.: Want of probable
cause, malice in the defendant, and damages to the
plaintiff." In *Le Clear* v. *Perkins,* 103 Mich. 131,
(26 L. R. A. 627, 61 N. W. 357,) it is held that
malice and want of probable cause are the gist of
the action to recover damages for the wrongful at-
tachment of property. See also the exhaustive notes
on this subject with the cases of *Pope* v. *Pollock,* 4
L. R. A. 255, 15 Am. St. Rep. 608, and *Burton* v.
*Knapp,* 81 Am. Dec. 465. So too in *Ruble* v. *Coyote
Gold Mining Company,* 10 Or. 39, WATSON, J., in
commenting upon the sufficiency of a complaint to
state a cause of action for the recovery of damages
resulting from the improper issue of a preliminary

injunction, says: "It does not allege that the injunction was sued out or prosecuted by the Coyote Company 'maliciously,' as well as without probable cause, which all the authorities hold to be necessary even to support an action on the case"; and cites in support thereof the cases of *Cox* v. *Taylor*, 10 B. Mon. 17; *Lindsay* v. *Larned*, 17 Mass. 189; *Chew* v. *Thompson*, 9 N. J. Law, 249; and *Robinson* v. *Kellum*, 6 Cal. 399. We have been unable to find a statement of the reason for the existence of this rule, but it must, in our judgment, be founded upon the presumption that the attachment proceedings have been regular, for the statute, having conferred upon a creditor the right of attaching the debtor's property for the security of his demand, authorizes him to invoke this auxiliary remedy, and, having done so, it must be presumed from the execution of the writ that the property was attached in pursuance of law; and therefore no inference of malice or want of probable cause is deducible from the exercise of the right, and hence, upon principle, to overcome the legal presumption arising from the attachment it is incumbent in an action of malicious prosecution to allege and prove that the attachment was malicious and without probable cause. In *Spengler* v. *Davy*, 15 Gratt. 381, the plaintiff having alleged that the writ was sued out "wrongfully and without good cause," instead of "maliciously and without probable cause," and no advantage of the defect having been taken at the trial as prescribed by statute, it was held that the error was cured by the verdict. In the case

at bar, however, the defendant challenged the sufficiency of the complaint at the trial; and, our statute not containing any provision similar to that of Virginia, and the defect in the complaint being material to the cause of action, and not to the statement of it, was not cured by the verdict.

In *Olds* v. *Cary*, 13 Or. 362, (10 Pac. 786,) which was an action upon an undertaking for a preliminary injunction, in which the complaint failed to allege that the injunction was wrongful and without sufficient cause, the defendant answered over after a demurrer to the complaint had been overruled, and it was held that the defect was in the statement and not in the cause of action, and was therefore waived by going to trial on the merits. So, too, in *Drake* v. *Sworts*, 24 Or. 199, (33 Pac. 563,) which was an action upon an undertaking for an attachment in which the complaint failed to state that the attachment was wrongful and without sufficient cause, it was also held that the defect was cured by answering over. In these cases no right of action existed upon the undertaking until the courts dissolved the writs, and hence it was probably alleged in the several complaints that the injunction and attachment were dissolved, and, this being so, the court very properly held that the defect in the statement was cured by answering over, for by the dissolution of the writs it might reasonably be presumed that the injunction and attachment were wrongful and without sufficient cause. In *Stewart* v. *Sonneborn*, 98 U. S. 187, it was held that to sustain an action for malicious prosecution the failure

of the proceedings against the plaintiff must be averred and proved; but such failure is not evidence of the defendant's malice or want of probable cause in instituting them. So, in the case at bar, the allegation and proof of the attachment was not even *prima facie* evidence of malice or want of probable cause,— the essential requisites for the maintenance of an action of this character,— and hence the absence of an allegation of malice in the complaint was a failure to state a cause of action, and not a defective statement which was cured by the verdict. The action not having been instituted upon the undertaking, we think there can be no doubt that it was necessary to allege and prove that the attachment was malicious, and the plaintiffs having failed in this respect, their complaint did not state a cause of action. It follows that the judgment is reversed, and the cause will be remanded with instructions to enter a judgment of nonsuit.          REVERSED.

Decided at PENDLETON, July 18, 1896.