Argued March 16; affirmed April 4, 1933

## HOFFMANN *v.* KIMMEL
(20 P. (2d) 393)

*S. P. Ness,* of Portland, for appellant.
*Ora H. Porter,* of Portland, for respondent.

KELLY, J. Sometime prior to the 21st day of January, 1928, one Ben W. Clevenger, desiring to purchase a cleaning and pressing business of one M. Simon, applied to defendant for a loan of sufficient money to enable him to make such purchase. This busi-

ness was then being operated under the name, Liberty Tailors & Cleaners, at 423 Jefferson street, Portland. Defendant advanced $3,000 with which Clevenger purchased said business, and on said 21st day of January, 1928, as security for said loan, executed to defendant a chattel mortgage upon "all equipment and personal property situated at 423 Jefferson street, the place of business of the Liberty Tailors & Cleaners, and the right of the good will of the business, now being in the city of Portland, state of Oregon".

On September 5, 1928, this mortgage was recorded in book 324, at page 244, of the Records of Chattel Mortgages of Multnomah county, Oregon. On April 4, 1929, the time for payment thereof was extended to July 1, 1929. It appears inferentially that plaintiff is the father-in-law of. Clevenger. Clevenger testified that he managed the business up until the latter part of May, 1929. From July, 1929, plaintiff conducted a cleaning and pressing business at the place mentioned, viz: 423 Jefferson street, Portland, under the name, Liberty Tailors & Cleaners, until December 30, 1930. Clevenger defaulted in his payment to defendant of the principal and interest. Plaintiff testified that he offered to return to defendant the personal property formerly used by Clevenger. Defendant testified that upon demand plaintiff refused to deliver a part of such property. Thereafter, and upon November 4, 1929, defendant instituted a suit against plaintiff and Clevenger to foreclose said chattel mortgage, to enjoin them from carrying on or doing business in the city of Portland, under the trade name or style of Liberty Tailors & Cleaners and to require them to remove from the premises, then occupied by them, any and all signs, lettering or printing designating said premises as Liberty Tailors & Cleaners, etc.

Negotiations were then conducted between the parties resulting in a surrender by plaintiff herein to defendant herein of the mortgaged property, a discontinuance by plaintiff of the business in question, and a dismissal as to plaintiff herein of said foreclosure suit. This order of dismissal was entered on March 10, 1931. Judgment for costs was then entered in favor of plaintiff herein upon which, on the 30th day of March, 1931, an execution was issued. This judgment was paid by defendant herein and the writ of execution was filed with the clerk of the court on April 1, 1931.

Upon April 28, 1931, the case at bar was instituted. Upon the trial of the instant case, defendant objected to the introduction of any evidence and seasonably moved for an order of involuntary nonsuit. At the conclusion of the trial defendant also moved for a directed verdict in favor of defendant.

In this court it is urged by defendant, as it was also urged in the trial court, that an action will not lie for the institution or prosecution of a civil action maliciously and without probable cause where there has been no arrest of the person or seizure of the property of defendant and no special injury sustained which would not ordinarily result in all suits prosecuted to recover for like causes.

Plaintiff insists that an action for malicious prosecution may lie where the original proceeding was instituted with malice and without probable cause by the filing of a complaint and the service of a summons only and the party seeking recovery was not arrested, nor was his property seized.

In his complaint, plaintiff alleges:

"That this plaintiff's credit was injured and impaired by the action of the defendant Kimmel and by the said suit, and by such action the plaintiff became

embarrassed by reason of the loss of his credit as aforesaid and he did thereby suffer great financial loss and did suffer loss of his business, and was compelled to give up his business which he was engaged in at the times above mentioned, and lost the good will in connection herewith.

"That such acts on the part of defendant herein did cause this plaintiff great pain and mental anguish, that he became ill and sick by reason thereof and has been rendered unfit and unable to continue in his.said business, or to care for his own affairs in any matter or manner, and by reason thereof has been reduced to want and to be, and that he now is wholly without means".

The evidence, however, does not support his claim that he sustained any special injury by reason of being made a party defendant to said foreclosure suit.

The authorities are in conflict in regard to the legal contentions above stated. An interesting discussion of them appears in the annotation of *Peerson v. Ashcraft Cotton Mills,* 1918D, L. R. A. 540, 550. The authorities are also collated in notes 70 and 79 on pp. 393 and 394 of Vol. 38 C. J. The supplementary annual annotations thereto disclose additional authorities in favor of defendant's position as follows: *Kenner v. Cousin,* 163 La. 624 (112 So. 508); *Owens v. Graetzel,* 149 Md. 689 (132 Atl. 265); *Lobel v. Trade Bank of New York,* 132 Misc. 643 (229 N. Y. S. 778); *Pinedo v. Halper,* 18 S. W. (2d) 253; *Panhandle Lumber Co. v. Fairey,* 3 S. W. (2d) 941; *Manhattan Quality Clothes Inc. v. Cable,* 154 Wash. 654 (283 P. 460); *Peckham v. Union Finance Co.,* 60 App. D. C. 104 (48 F. (2d) 1016); *National Stock Yards Nat. Bank v. Valentine,* 39 S. W. (2d) 907.

*Schaefer v. O. K. Tool Co.,* 110 Conn. 528 (148 Atl. 330), and *Pickles v. Anton,* 49 N. D. 47 (189 N. W.

684), cited therein as supporting plaintiff's contention are not in point. The first recognizes that the rule in New York is in accordance with defendant's position and dismisses the case for that reason, and in the second, the plaintiff was incarcerated for four days because of the original proceeding.

As we view the record, it is unnecessary to determine which of the above rules should be applied in this case. The decisive question herein is whether defendant had probable cause to make plaintiff herein a party defendant to the foreclosure suit. If there was probable cause for doing so, defendant's motion for a di-directed verdict should have been sustained.

The admitted facts are that after Clevenger's default in payment of the amount due on defendant's mortgage, plaintiff continued to conduct the business of cleaning and pressing under the name, "Liberty Tailors & Cleaners". Defendant had a mortgage or pledge upon the tangible assets and good will of the business under that name. In the foreclosure suit defendant sought to enjoin plaintiff from conducting such business thereunder.

■ When no attempt is made to sever the intangible assets, or to mortgage or pledge them independently of the tangible assets, intangible assets may be pledged. *International News Service v. Gazette Printing Co.,* 103 Kan. 402 (173 P. 980); *Met. Nat. Bank v. St. Louis Dispatch,* 36 Fed. 722, Id., 149 U. S. 436 (13 S. Ct. 944, 37 L. Ed. 799).

The weight of authority is to the effect that a firm name, as distinguished from the name of individuals, is inseparable from the good will of a business not dependent upon the personal attributes of the members

of the firm. *Slater v. Slater,* 175 N. Y. 143 (67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605), citing Pollock on Partnership, art. 39, p. 122; 2 Lindley on Partnership, p. 445, 542 (9th Ed.); Allan on Good Will, 81; 2 Bares on Partnership, § 692-672; 1 Collyer on Partnership, 572; *Churton v. Douglas,* John Ch. (Eng.) 174; *Levy v. Walker,* L. R. 10 Ch. Div. 436, 449; *Banks v. Gibson,* 34 Beav. 566; *Rogers v. Taintor,* 97 Mass. 291; *Myers v. Kalamazoo Buggy Co.,* 54 Mich. 215 (19 N. W. 961, 20 N. W. 545, 52 Am. Rep. 811); *Snyder Mfg. Co. v. Snyder,* 54 Ohio St. 86, 94 (43 N. E. 325, 31 L. R. A. 657); *Lane v. Smythe,* 46 N. J. Eq. 443 (19 Atl. 199); *Fenn v. Bolles,* 7 Abb. Pr. (N. Y.) 202; *In re Borden's Estate,* 95 Misc. 443 (159 N. Y. S. 346).

*Morgan v. Frank E. Block Co.,* 167 Ga. 463 (146 S. E. 19), presents a very instructive opinion by Presiding Justice Beck of the Supreme Court of Georgia, bearing upon this phase of the law.

It is not necessary in deciding this case to approve the doctrine of the foregoing authorities or to be unmindful of those to the contrary among which are *Caswell v. Hazard,* 50 Hun (N. Y.) 230 (2 N. Y. S. 783); *Vonderbank v. Schmidt,* 44 La. Ann. 264 (10 So. 616, 32 Am. St. Rep. 336, 15 L. R. A. 462), and note; and *Howe v. Searing,* 10 Abb. Pr. (N. Y.) 264 (19 N. Y. Super. Ct. (6 Bosw.) 354).

■ A litigant ought not to be subjected to an action for malicious prosecution merely because he institutes a suit wherein the right to the relief sought by him depends upon the adoption by the court of a rule or principle of law not theretofore declared by statute or by the court of last resort in that jurisdiction, but, upon which, in other jurisdictions the decisions are in conflict.

To permit actions for malicious prosecution thus to be brought would be to invite such actions as a result of every civil case resulting favorably to defendant therein wherein conflicting authorities in other jurisdictions could be found. Thereby the courts would be constantly thrown into reverse gear to rehear controversies which every ground of public policy demands should be determined definitely and finally in the original case.

■ We hold that there is not such a want of probable cause as to support an action for malicious prosecution for instituting a civil suit wherein the facts are practically undisputed and some of the courts of other jurisdictions have announced a principle of law not declared by our statute and upon which this court has not passed; but which, if adopted by this court, would entitle plaintiff to the relief sought in such civil suit, even though courts of still other jurisdictions declare such principle unsound. For that reason, the motion of defendant for a directed verdict herein should have been sustained; and the learned trial judge committed no error in setting aside the judgment entered herein and the verdict upon which it was based.

It is ordered that the judgment of the circuit court, setting aside the judgment heretofore entered in favor of plaintiff and the verdict upon which said judgment is based, be and the same is affirmed; and it is further ordered that this cause be remanded to the circuit court with instructions to enter an order of dismissal.

RAND, C. J., ROSSMAN and BELT, JJ., concur.