Argued October 6, affirmed November 9, 1960

## CARNATION LUMBER COMPANY *v.*
## McKENNEY ET AL
### 356 P. 2d 932

*Carrell F. Bradley,* Hillsboro, argued the cause for appellant. With him on the brief was George W. Mead, Portland.

*Francis E. Marsh,* McMinnville, and *Robert A. Leedy,* Portland, argued the cause for respondents. On the brief were Gray & Lister, Portland, Nathan J. Heath, Portland, Theodore B. Jensen, Portland, Barzee, Leedy & Lind, Portland, Marsh, Marsh, Dashney & Cushing, McMinnville.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and KING, Justices.

PERRY, J.

The plaintiff brought this action to recover damages for the malicious use of process, generally spoken of as "malicious prosecution." A demurrer was sustained to plaintiff's complaint and the plaintiff appeals.

The plaintiff's action seeks damages for the malicious prosecution of several civil suits which terminated favorably to the plaintiff. Plaintiff's complaint alleges these ultimate facts:

"(1) The defendants conspired together and brought ten separate lawsuits against the Carnation Lumber Company, hereinafter referred to as "Carnation," the aggregate prayers of which are several hundred thousand dollars; (2) that the allegations in the complaints against Carnation are false and untrue and are known or should have been known to the defendants to be false and untrue; (3) that in the course of the litigation Carnation allowed the insurance companies to examine the books and records and to interview Carnation's witnesses and requested that the litigation be abandoned as to Carnation; (4) that the insurance companies maliciously failed and refused and neglected to comply with the request unless Carnation would pay defendants some money, which Carnation refused; (5) that all the litigation instituted by the defendant

insurance companies ended in favorable judgments to Carnation resulting from nine dismissals for lack of prosecution and one Judgment of Involuntary Nonsuit; (6) that large sums of money were spent by Carnation for investigation and defense, and its business reputation and credit reputation were severely damaged."

The basis upon which the demurrer was presented and sustained in the trial court is that there is no allegation in the complaint of seizure of the plaintiff's property or special injury sustained which would not ordinarily result in cases prosecuted for like causes.

The courts of the various jurisdictions in this country are almost equally divided upon this point. Numerically, the jurisdictions seem to favor the rule that an action for malicious prosecution will lie for the institution of a civil action maliciously and without probable cause although there was no interference with the person or property and no special injury can be shown. On the other hand, a great number hold that in the absence of interference with the person or property or some special injury such an action will not lie. See Annotations, 150 ALR 897; 54 CJS 964, Malicious Prosecution § 12.

The reasons advanced by the courts for their particular view seem to be as follows:

(1) Where the action will lie without allegation and proof of interference with the person or property or special injury, the courts reason that the statutory allowance of costs, disbursements and attorney's fees to the successful defendant is inadequate to compensate him for defending himself from the malicious action of the plaintiff, and that the plaintiff who rightfully sues and the plaintiff who perverts the use of the courts should not be upon precisely the same footing before the law. *Kolka v. Jones,* 6 ND 461, 71 NW 558;

*Closson v. Staples,* 42 Vt 209; 1 Harper & James, The Law of Torts 326, § 4.8; Prosser, Law of Torts (2d ed) 662, § 99.

(2) In jurisdictions where the action will not lie in the absence of interference or special injury the reasons therefor are set forth in *Mitchell v. Silver Lake Lodge,* 29 Or 294, 296, 45 P 798, as follows:

"* * * upon the termination of a civil action in favor of the defendant, the costs and disbursements awarded him by law are considered to be an adequate compensation for his injury, and a sufficient punishment of the plaintiff for prosecuting an unfounded claim: Brand v. Hichman, 68 Mich. 590 (13 Am. St. Rep. 362, 36 N.W. 664). Courts are ever open to litigants for the adjudication of their rights, and, although a party may have been induced by malice to institute an action, so long as he does not cause the arrest of the defendant, or his property to be attached, the costs awarded upon the dismissal of the proceedings are deemed by the legislative assembly suitable compensation for the injury suffered by the defendant in consequence of the action, and the law affords him no other remedy, for if he were permitted to maintain an action of malicious prosecution when he had sustained no special injury, the former plaintiff, if the action terminated in his favor, might institute a similar action, which course could be repeated until the plaintiff won, thus rendering litigation interminable: Cooley on Torts, 189. In Norcross v. Otis, 152 Pa. St. 481, (34 Am. St. Rep. 669, 25 Atl. 575,) Paxson, C. J., in discussing this question, says: 'If the law were not so, there would be no end of litigation. If the plaintiff, in an action of this kind, should fail to recover, the defendant in turn would bring a suit against him on the ground that the former suit was malicious, and so long as there was no recovery for the plaintiff, the parties could keep on suing each other until the end of time.' "

The above case is not specific authority for the allowance or disallowance of an action for malicious prosecution in the absence of interference with the person or property or some special damage to a defendant. This particular issue was not before the court in that case for there had been interference with the property of the defendant through attachment proceedings.

In *Hoffmann v. Kimmel,* 142 Or 397, 20 P2d 393, this court declined to pass upon this particular issue, because there was probable cause for the commencement of the original suit.

Nevertheless, when we consider the background of the statement in *Mitchell v. Silver Lake Lodge,* supra, we discover the first Oregon Code (1854) was adopted almost verbatim from the code of civil procedure of the state of New York, as then in effect. See Oregon Historical Quarterly, Vol IV, p 185, 190, Kelley, History of the Preparation of the First Code in Oregon; Pacific Northwest Quarterly, Vol XXVII (1936) p 3, 22, Beardsley, Code Making in Early Oregon.

In 1829, the New York Code of Civil Procedure provided the prevailing party, plaintiff or defendant, should recover his costs and disbursements, including a statutory attorney's fee. Vol. II, Title 3, Revised Statutes of New York 621 (1829). This provision regarding attorney's fees was designed to fully compensate the prevailing party. 38 Yale Law Journal 849, 873. These same provisions were adopted into the New York Code of 1853 (see Voorhies', New York Code of Procedure (3d ed) p 337, § 303) and in 1854 were adopted into the Oregon Code and still remain. ORS 20.010, 20.030, 20.060, 20.070.

The thought that persuaded the New York legislature that its costs and disbursement statute with its provision for attorney's fees was full and adequate

compensation for a successful litigant must have persuaded the Oregon Legislature when it adopted these provisions of the New York Code. Because of its statute, the state of New York has consistently held that an action for malicious prosecution of a civil action will not lie in the absence of interference with a defendant's person or property. *Willard v. Holmes, Booth & Haydens,* 142 NY 492, 37 NE 480; *Ferguson v. Arnow,* 142 NY 580, 37 NE 626; *Sachs v. Weinstein,* 208 App Div 360, 203 NYS 449; *Paul v. Fargo,* 84 App Div 9, 82 NYS 369. This position of the New York court's is highly persuasive.

The reason given by the jurisdictions, which allow maintenance of an action for malicious prosecution in civil proceedings in the absence of special injury on the basis that the recovery of costs, disbursements and statutory attorney's fees is inadequate compensation, seems to us faulty in logic. The successful defendant sued by a plaintiff with probable cause suffers the same inadequacy of compensation as does the defendant maliciously sued, still the statutory allowances are all the compensation he may receive. Therefore, we think it must be conceded that the statutory allowances are considered in law adequate to compensate a wrongfully sued litigant for his actual damages in defending himself. If, in fact, they are not, that question is to be determined by the legislature and not by the courts.

Therefore, it would seem that any logical basis for the allowance of a recovery where the suit or action is malicious lies not in the fact that the statutory allowances are inadequate, but because of the malice in the act, i.e., plaintiff has committed a wrong and should be punished.

It should be noted, in this state, and in the majority of jurisdictions, exemplary or punitive damages are

not recoverable in the absence of proof of actual damages. *Ruble v. Kirkwood,* 125 Or 316, 266 P 252; 33 ALR 386; 81 ALR 913.

■■ It must also be kept in mind, in considering this particular issue, that there is an underlying matter of public policy. While moral considerations require no one use the judicial processes for perverse purposes, on the other hand, the courts must always be open to the citizen to claim his rights without fear of being amerced by heavy damages should his cause fail.

■ "Actions for malicious prosecution are not favorites of the law" (*Kuhnhausen v. Stadelman,* 174 Or 290, 311, 148 P2d 239, 149 P2d 168) and while undoubtedly there will be instances where exact justice would be served by punishing a party for his malicious act in bringing a civil action without probable cause, in our opinion the greater good lies in maintaining the right of the individual to avail himself of the courts in quest of justice without fear of retaliatory action should his cause fail, especially if in so doing he does not interfere with the person or property of the defendant or cause him a special damage.

The judgment of the trial court sustaining the defendant's demurrer to plaintiff's complaint and dismissing plaintiff's action is affirmed.