Argued December 3, 1968, reversed and remanded March 12,
petition for rehearing denied September 17, 1969

BALSIGER, *Appellant, v.* AMERICAN
STEEL & SUPPLY CO. ET AL,
*Defendants,*
MYRMO ET AL, *Respondents.*

451 P2d 868
458 P2d 932

*Berkeley Lent,* Portland, argued the cause for appellant. On the brief were Lent, York, Paulson & Bullock, Portland.

*Walter J. Cosgrave,* Portland, argued the cause for respondents Myrmo. On the brief were Maguire, Kester & Cosgrave, Portland.

*Richard Bryson,* Eugene, argued the cause for respondents Darling, Vonderheit, Hershner and Hunter. With him on the brief were Arthur C. Johnson, and Johnson, Johnson & Harrang, Eugene.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, DENECKE, HOLMAN, MENGLER* and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

The only question presented in this appeal is whether a cause of action for malicious prosecution is stated in a complaint which alleges that defendants maliciously filed an involuntary bankruptcy petition against plaintiff without probable cause, that defendants later caused the petition to be dismissed, that the filing became generally known and damaged plaintiff's general and business reputation, and "That plaintiff suffered special damage as a result of [defendants'] * * * acts * * * by way of loss of income in excess of $1,000,000.00," and other special damages by way of accounting and legal fees exceeding $500 in connection with defending himself in the bankruptcy proceeding.

Demurrers by respective defendants to the complaint for failure to state a cause of action were sustained in the circuit court and the case was dismissed.

---

* Mengler, J., did not participate in the decision of this case.

The facts alleged were that three of the defendants "aided and abetted" by the other defendants, who were their lawyers, maliciously and without probable cause, instituted involuntary bankruptcy proceedings against plaintiff which were dismissed on defendants' motion several months later. We do not take the allegation that the defendants other than the lawyers were "aided and abetted" by their lawyers to be an allegation of a conspiracy among all the defendants.

■ The general rule, followed in most states, is that a civil action, although commenced with malice and without probable cause, does not give rise to a cause of action for malicious prosecution unless there has been arrest of the person, seizure of property, or other special injury to the defendant in that action which would not ordinarily result in all similar causes seeking recovery of damages. *Carnation Lbr. Co. v. Mc-Kenney et al*, 224 Or 541, 356 P2d 932 (1960); *Mitchell v. Silver Lake Lodge*, 29 Or 294, 45 P 798 (1896). The rule has been applied to insolvency proceedings. *Vancouver B. & S. Co. v. L. C. Smith & Corona Typewriters*, 138 F2d 635 (9th Cir), cert den 321 US 786, 64 S Ct 780, 88 L ed 1077 (1943) (applying state of Washington law), and *Mayflower Industries v. Thor Corp.*, 15 NJ Super 139 (Ch 1951), 83 A2d 246. The latter case contains a comprehensive discussion of the general rule.

In *Patapoff v. Vollstedt's, Inc. et al*, 230 Or 266, 369 P2d 691 (1962), where bankruptcy was adjudicated, property taken from the alleged bankrupt's possession, and later the adjudication was reversed, we agreed with the proposition that an action for malicious prosecution would lie if there was maliciousness and lack of probable cause. In *Hill v. Carlstrom*, 216 Or 300, 338 P2d 645 (1959), which involved a malici-

ous prosecution case against a defendant who had petitioned to have the plaintiff adjudged insane, we quoted with approval from Restatement, 3 Torts 455, § 678 (1960):

> "One who initiates civil proceedings against another which allege the other's insanity *or insolvency* is liable for the harm to the other's reputation * * * if * * * [the proceeding started with malice and without probable cause, and, except in ex parte proceedings, terminated in favor of the person against whom they are brought]." (Emphasis supplied.)

This rule does not require an allegation of special injury or interference with person or property in the complaint in such a case. In insanity proceedings, the very nature of the proceeding causes interference with the person. But it may be argued that this is not always so with reference to property in insolvency proceedings. Insolvency was not involved in *Hill v. Carlstrom,* supra, and the inclusion of it in the quoted rule approved there was dictum.

Plaintiff primarily contends that bankruptcy proceedings initiated with malice and without probable cause, standing alone, should be sufficient upon which to base his action. In Section 678 of the Restatement of Torts, quoted above, is found the essence of plaintiff's contention; namely, that there need be no allegation of special injury in a statement of a cause of action of the nature asserted. In the words of the Restatement, plaintiff contends the liability is "for the harm to the other's reputation."

Cases from several jurisdictions indicate that initiation of an insolvency or bankruptcy proceeding by nature so interferes with a person's property and reputation that it constitutes an injury of such an unusual nature that if it is done maliciously and without prob-

able cause nothing more need be alleged. Some such cases involved situations where there was appointment of a receiver in bankruptcy, a seizure of property, an adjudication of bankruptcy later set aside, or a requirement of examination as to assets under threat of contempt of court. *Norin v. Scheldt Manf. Co.*, 297 Ill 521, 130 NE 791 (1921); *Nassif v. Goodman*, 203 NC 451, 166 SE 308, 86 ALR 215 (1932); *Sachs v. Weinstein*, 208 App Div 360, 203 NYS 449 (1924); Annotation, 86 ALR 219 (1933). Some were in jurisdictions which do not use the rule we have adopted in Oregon in *Carnation*, but allow malicious prosecution actions based upon any civil action commenced maliciously and without probable cause. *McDonald v. Grocery Co.*, 184 Mo App 432, 171 SW 650 (1914); *Neumann v. Industrial Sound Engineering, Inc.*, 31 Wis2d 471, 143 NW2d 543 (1966). Three cases have come to the court's attention wherein the facts appear to have been similar to those in the case at bar, that is, the bankruptcy proceeding was filed and apparently no other action was taken. *Quartz Hill Gold Mining Co. v. Eyre*, LR, 11 QBD 674 (1883); *Wilkinson v. Goodfellow-Brooks Shoe Co.*, 141 F 218 (CC Mo 1905); *King v. D. Sullivan & Co.*, 92 SW 51 (Tex Civ App 1906). Three cases have come to the court's attention which, although not altogether clear, apparently hold contrary to *Quartz Hill* and *King*, requiring some allegation and showing of special injury. *Vancouver B. & S. Co. v. L. C. Smith & Corona Typewriters*, supra; *The Cincinnati Daily Tribune Co. v. Bruck*, 61 Ohio St 489, 56 NE 198 (1900); *Luby v. Bennett*, 111 Wis 613, 87 NW 804 (1901).[1]

---

[1] Our decision in this case makes it unnecessary to further discuss the meaning of "special injury" as it is used in *Carnation*. Some cases which discuss the term as used in the *Carnation* rule

The first five cases cited in the preceding paragraph were not in point on the facts with the case at bar, but the language of such cases, with that in *Quartz Hill, Wilkinson* and *King* which are in point, are cited as the basis for the text of Section 678 of the Restatement of Torts, supra, and similar statements of the rule in 1 Harper & James, The Law of Torts 326, § 4.8 (1956) ; Prosser, Torts 871, § 114 (3d ed 1964) ; and 34 Am Jur 711, 712, Malicious Prosecution § 17.

The English Court in *Quartz Hill Mining Co.,* supra, in 1883, set the basis of reasoning for the rule:

"* * * By proceedings in bankruptcy a man's fair fame is injured * * * because he is openly charged with insolvency before he can defend himself. It is not like an action charging a merchant with fraud, where the evil done by bringing the action is remedied at the same time the mischief is published, namely, at the trial * * *.

"* * * * *

"* * * In its very nature the presentation or the prosecution of an indictment [in a criminal case] involves damage * * *.

"*But there are other proceedings* [besides the presentation of an indictment] *which necessarily involve damage, such as the presentation of a bankruptcy petition against a trader.* * * * *[A] trader's credit seems to me to be as valuable as his property,* and the present proceedings in bankruptcy * * * strike home at a man's credit, and therefore I think * * * that the false and malicious presentation, without reasonable and probable

are: Melvin v. Pence, 130 F2d 423 (DC Cir 1942); Swain v. American Surety Co. of New York, 47 Ga App 501, 171 SE 217 (1933); Slater v. Kimbro, 91 Ga 217, 18 SE 296 (1892); Schwartz v. Schwartz, 366 Ill 247, 8 NE2d 668, 112 ALR 325 (1937); Wetmore v. Mellinger et al, 64 Iowa 741, 18 NW 870 (1884); Carver v. Lykes, 262 NC 345, 137 SE2d 139 (1964); see Comment, Malicious Prosecution, 47 NC Law Rev 285, 308, 309, 310 (February 1969).

cause, of a bankruptcy petition against a trader
\* \* \* gave rise to an action for malicious prosecution." (Emphasis supplied.) LR, 11 QBD at 684, 691, 692.

The English Court goes on to point out an analogy between malicious prosecution and libel cases, and as to the latter "the law does not require proof of special damage."

The same analogy can be made with libel cases in Oregon. In *Hinkle v. Alexander,* 244 Or 267, 411 P2d 829, 417 P2d 586 (1966), we reversed our former decisions and adopted the rule of common law and the Restatement, 3 Torts 165, § 569 (1938), that in libel cases recovery may be had "although no special harm or loss of reputation results therefrom."

■ Adoption of the Restatement rule in the instant case, as it did in *Hinkle,* provides "a better, more workable and less confusing" rule than the alternative. Accordingly, we hold that a malicious prosecution case will lie if the complaint alleges the requirements of Section 678 of the Restatement, supra. The general rule of *Carnation* does not apply to this situation.

Our conclusion makes it unnecessary to discuss the sufficiency of any of the allegations of damage in the complaint under the *Carnation* rule. The demurrer should have been overruled.

The case is reversed and remanded for further proceedings consistent with this opinion.

**ON PETITION FOR REHEARING**

Richard Bryson, Windsor Calkins, and Johnson,
Johnson & Harrang, Eugene, for the petition.

Before PERRY, Chief Justice, and McALLISTER,

212

SLOAN, O'CONNELL,[*] GOODWIN,[*] DENECKE and HOLMAN, Justices.

## PER CURIAM.

Defendants Darling, Vonderheit, Hershner and Hunter have filed a petition for rehearing. They contend that we have confused the remedies of malicious prosecution and libel and that we erroneously relied on § 678 of the Restatement of Torts which is but an extension of the general rule of § 674 which, in turn, is contrary to the rule of *Carnation Lbr. Co. v. McKenney et al*, 224 Or 541, 356 P2d 932 (1960).

■ We intended to hold that the filing of a bankruptcy petition necessarily caused such interference with the property of the debtor as to give rise to an action for malicious prosecution. Though there is no actual seizure of property or appointment of a trustee, the alleged bankrupt's property is in limbo, because the trustee's title, if and when appointed, reverts back to the date of the filing of the petition in bankruptcy. 11 USCA § 110 (Bankruptcy Act § 70). Our holding merely extended the *Carnation* rule to the initiation of bankruptcy proceedings because of the interference with property inherent therein. As pointed out in our original opinion, recovery has been allowed in such instances by other courts that follow the *Carnation* rule, but their rationale has not been uniform.

■ Though the analogy of libel was used and though part of the damage to the alleged bankrupt is damage to business reputation, it was not our intention to sug-

---

[*] O'Connell and Goodwin, Justices, did not participate in the decision of this petition for rehearing.

gest that the basis for plaintiff's cause of action was libel.

Petitioning defendants are correct that § 678 is but an extension of the rule of § 674, which is inconsistent with the rule of *Carnation*. However, § 678 is a recognition by the Restatement that insolvency proceedings fall in a special category. Our holding would be the same in the absence of § 678.

■ Petitioning defendants also contend that the result of our ruling is to permit plaintiffs to recover for defamation of business reputation in a malicious prosecution action which, if attempted in a libel case, would be prevented by the absolute immunity afforded attorneys by the judicial proceedings privilege of which § 586 of the Restatement is representative. The authorities are uniform that damages recoverable in malicious prosecution cases include damage to reputation. Newell on Malicious Prosecution 494, ch XIV, § 8; 1 Harper & James, Law of Torts 324, § 4.7. However, before recovery can be secured for damage to reputation in a malicious prosecution action, the ingredients of such an action must appear as differentiated from those of libel.

The petition for rehearing is denied.