Argued October 10, 1974, affirmed January 23, 1975

BUCK, *Appellant, v.* GALE, *Respondent.*

530 P2d 1248

*George A. Haslett, Jr.,* Portland, argued the cause and filed a brief for appellant.

*John S. Stewart,* of Kobin & Meyer, Portland, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER, and LEAVY, Justices.

HOLMAN, J.

Plaintiff brought an action alleging defendant maliciously prosecuted a civil action for breach of contract arising out of a sale of a business by defendant to plaintiff. Defendant demurred to plaintiff's complaint upon the ground that the complaint did not state facts sufficient to constitute a cause of action for malicious prosecution. The trial court sustained the demurrer and plaintiff appeals from an order of dismissal.

Defendant contends plaintiff's complaint is defective because it did not state facts sufficient to show plaintiff suffered interference with his person, restraint of his property or special injury which would not ordinarily result in cases prosecuted for like cause.

Plaintiff contends he did allege special injury which would not ordinarily result in cases prosecuted for like cause in that he alleged the loss of the resale of the business which was the subject of the litigation. Plaintiff alleged:

"\* \* \* \* \* .

"V

"\* \* \* that said malicious actions of defendant *caused plaintiff to lose a pending sale of plaintiff's business;* that by reason of the commencement and prosecution of that action, plaintiff herein was *generally damaged* in the sum of $50,000.00 by way of injury to his credit, neglect of his business, *loss of sale of his business,* and mental anguish.

"\* \* \* \* \*." (Emphasis ours.)

Defendant counters by arguing that the loss of a resale of a business was a usual and normal result of the institution of his action for the breach of the original contract of purchase.

██ All of the alleged damages, except the resale of the business, are clearly within those usually suffered in such cases and no action will lie for them. Thus, the only issue of consequence made by the briefs is whether the loss of a resale of a business is a compensable injury within the rule stated by this court in *Balsiger v. American Steel,* 254 Or 204, 206, 451 P2d 868, 458 P2d 932, 40 ALR3d 289 (1969):

"The general rule, followed in most states, is that a civil action, although commenced with malice and without probable cause, does not give rise to a cause of action for malicious prosecution unless there has been arrest of the person, seizure of property, or other *special injury to the defendant in that action which would not ordinarily result in all similar causes seeking recovery of damages. Carnation Lbr. Co. v. McKenney et al,* 224 Or 541, 356

P2d 932 (1960); *Mitchell v. Silver Lake Lodge,* 29 Or 294, 45 P 798 (1896). \* \* \*." (Emphasis ours.)

■ Neither plaintiff nor defendant cites any authority relating to whether the loss of a resale of a business by a purchaser is a special injury which would not ordinarily result in similar cases alleging breach of the original contract of sale. Prosser, Law of Torts 851-52, § 120 (4th ed 1971) has the following to say:

> "These jurisdictions which refuse the remedy for an ordinary civil suit have given way, however, in a large group of exceptional cases. The most obvious exception is that of civil actions which are recognized as quasi-criminal in character, or which involve an interference with the person, as in the case of proceedings in lunacy, contempt, bastardy, juvenile delinquency, arrest under civil process, or binding over to keep the peace. But the extension of the remedy has gone even further, and has included proceedings in which there has been interference with property or business, or damage differing in kind from the ordinary burden of defending a lawsuit, such as attachment, garnishment, replevin, the search of premises under a warrant, injunctions, proceedings in bankruptcy, or for the dissolution of a partnership. \* \* \*." (Footnotes omitted.)

1 Harper and James, The Law of Torts 326, Malicious Prosecution § 4.8, says the following:

> "In England and a number of American states, no action will lie for the malicious prosecution of an 'ordinary' civil action, that is, one which does not *directly affect* person or property, but results if successful only in a judgment debt. As said by a New Jersey court, the action can be maintained only when the plaintiff has been made 'to suffer special grievances, different and super-added to the ordinary expenses of a defense.' \* \* \*." (Footnotes omitted; emphasis ours.)

The purchaser usually does not lose a resale of the subject property as the result of an action for breach of contract by the vendor only because resale of the property is seldom then under consideration. However, the happenstance of the loss of such a resale would not appear to be the kind of special injury about which Prosser and Harper and James are talking. The tenor of their statements would indicate that a special injury is determined by the manner of the defendant's prosecution of the original case rather than by any happenstance of the plaintiff's situation.

■ The loss of the resale of the asset which was the subject of the original action or suit can be a normal and usual result of the bringing of an action for breach of contract. If the manner of the original plaintiff's prosecution is not such as to cause unusual hardship, there should be no recovery under the Oregon rule. The language of *Wetmore v. Mellinger,* 64 Iowa 741, 18 NW 870, 871 (1884) demonstrates the construction that is given to the clause "special injury not ordinarily resulting in similar causes." It is there stated:

> "* * * But if an action *is so prosecuted* as to entail unusual hardship upon the defendant, and subject him to special loss of property or of reputation, he ought to be compensated. So, if his property be seized, or if he be subjected to arrest by an action maliciously prosecuted, the law secures to him a remedy. In the case at bar the pleading and evidence show no such special damages. No action could be prosecuted to recover money fraudulently obtained, in which the defendant would not suffer the very things for which plaintiff in this case seeks compensation in damages." (Emphasis ours.)

The following are cases which hold that the loss of a resale of the asset which is the subject of the first suit

or action is not an injury for which recovery can be made: *Aalfs v. Aalfs,* 246 Iowa 158, 66 NW2d 121 (1954); *Cincinnati Daily Tribune v. Bruck,* 61 Ohio St 489, 56 NE 198 (1900); *Petrich v. McDonald,* 44 Wash2d 211, 266 P2d 1047 (1954).

The trial court was not in error in sustaining a demurrer to plaintiff's complaint. The judgment of the trial court is affirmed.

O'CONNELL, C. J., dissenting.

I dissent. I would adopt the rule presently accepted in the majority of American jurisdictions[1] that no allegation of proof of "special damages" is required to recover for malicious prosecution of a suit known to be groundless. I would do so because, as stated by Dean Prosser:

"* * * [T]here is no policy in favor of vexatious suits known to be groundless, which are a real and often a serious injury; and the heavy burden of proof upon the plaintiff, to establish both lack of probable cause and an improper purpose, should afford sufficient protection to the bona fide litigant and adequate safeguard against a series of actions." Prosser on Torts 855 (4th ed 1971).

There is no more reason to require "special damages" here than in cases based, for example, on outrageous conduct.

The present case, however, does not require us to go that far. The alleged loss of the sale of plaintiff's business constitutes "special damage" in any but the most refined and arbitrary sense. To hold, as the majority does, that plaintiff's alleged damages are not "special" because they are an indirect rather than a direct result of the suit itself is to perpetuate a distinc-

---

[1] See Prosser on Torts 855 (4th ed 1971) and cases cited there.

tion long since abandoned in other legal contexts and utterly devoid of support on the basis of policy.

TONGUE, J., dissenting.

I also dissent, but for different reasons.

In *Carnation Lbr. Co. v. McKenney et al,* 224 Or 541, 356 P2d 932 (1960), this court adopted the rule that because "the courts must always be open to the citizen to claim his rights without fear of being amerced by heavy damages should his cause fail," the measure of damages in actions for malicious prosecution should be limited to the special damages suffered by the plaintiff. This court recognized, however (at 543), that in adopting that rule it had chosen to follow the decisions on "a great number" of cases which "hold that in the absence of interference with the person or property *or some special injury* such an action will not lie." To the same effect, see *Balsiger v. American Steel,* 254 Or 204, 206, 451 P2d 868, 458 P2d 932 (1969), and *Crouter v. United Adjusters, Inc.,* 259 Or 348, 364-65, 485 P2d 1208 (1971).

In this case, the majority now holds that only special damages which directly affect person or property and which do so because of the *manner* of defendant's prosecution of the case may be recovered. The effect of the majority opinion is to further narrow the scope of recovery in such actions by eliminating recovery for any other type of "special injury" or "special damage." I disagree with the imposition of this further limitation.