Argued and submitted May 18, reversed and remanded July 22, 1987

# WALTI,
*Appellant,*

*v.*

# WILLAMETTE INDUSTRIES, INC.,
*Respondent.*

## (86-0484; CA A40806)

739 P2d 611

Chris W. Dunfield, Corvallis, argued the cause for appellant. With him on the briefs was Petersen, Barker and Dunfield, Corvallis.

William G. Wheatley, Eugene, argued the cause for respondent. With him on the brief was Jaqua, Wheatley, Gallagher & Holland, P.C., Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This action for malicious prosecution is based on a claim that defendant brought against plaintiff for nuisance and intentional interference with contractual relations, in which defendant sought an injunction prohibiting plaintiff from trespassing upon a particular United States Forest Service road and from entering the portion of the Middle Santiam Wilderness area known as the Pyramid Creek Sale. The complaint in this action was dismissed for failure to state a claim. We reverse and remand.

In July, 1984, defendant brought the action against plaintiff and others as a result of their activities opposing defendant's cutting of old growth timber in the Pyramid Creek area, which is public land. On defendant's motion, the court issued a temporary restraining order prohibiting plaintiff from entering the Pyramid Creek area and from traveling on the Forest Service road that provides access to it. The restraining order was in effect for 13 months, until plaintiff obtained a directed verdict in his favor at the trial. Plaintiff then initiated this action for malicious prosecution, alleging that defendant prosecuted the earlier action maliciously and that defendant knew or should have known that the allegations against him were false and unfounded. He also alleged that, because he was subject to the restraining order in the unfounded action, he was unable to "visit and enjoy the Middle Santiam Wilderness, which he did regularly before the injunction was entered." In addition, he alleged that he was forced to cancel a class that he otherwise would have taught in the wilderness area.

In an action for malicious prosecution, a plaintiff must allege not only malice and lack of probable cause in the prosecution of the earlier action, but also

> "arrest of the person, seizure of property, or other special injury to the defendant in that action which would not ordinarily result in all similar causes seeking recovery of damages. *Carnation Lbr. Co. v. McKenney et al,* 224 Or 541, 356 P2d 932 (1960); *Mitchell v. Silver Lake Lodge,* 29 Or 294, 45 P 798 (1896)." *Balsiger v. American Steel,* 254 Or 204, 206, 451 P2d 868, 458 P2d 932 (1969).

The special injury rule assures that the courts will "always be open to the citizen to claim his rights without fear of being

amerced by heavy damages should his cause fail." *Carnation Lbr. Co. v. McKenney et al, supra,* 224 Or at 547. The costs and disbursements awarded a successful defendant are considered suitable compensation for the injury suffered as a result of the action, unless there is some "interference with the person or property or some special damage to a defendant." 224 Or at 545.

The issue is whether plaintiff's allegations that he was enjoined from going into the Pyramid Creek area of the Middle Santiam Wilderness, which is public land, and that he was forced to cancel a class that he had planned to teach in the area constitute a special injury. He argues that an injunction that prevents a person from doing something he otherwise has a right to do is a special injury for purposes of a malicious prosecution action.

■    The test for special injury is whether "the chosen proceeding itself involved immediate interference with the person, property, income, or credit of the subsequent complainant, apart from the ultimate judgment * * *." *O'Toole v. Franklin,* 279 Or 513, 516, 569 P2d 561 (1977). The court explained:

> "This view focuses on the defendant's responsibility for his choice, as plaintiff in the earlier action, to trigger the interfering procedure; in the later action the 'special injury is determined by the manner of the defendant's prosecution of the original case rather than by any happenstance of the plaintiff's situation.' *Buck v. Gale,* [271 Or 90, 94, 530 P2d 1248 (1975)]." 279 Or at 516.

Accordingly, a malicious prosecution action is a means of holding a person accountable for the course which he has chosen in bringing the earlier action. Thus, special injury is adequately alleged when there is use of garnishment, *Alvarez v. Retail Credit Ass'n,* 234 Or 255, 381 P2d 499 (1963), attachment, *Crouter v. United Adjusters, Inc.,* 259 Or 348, 485 P2d 1208 (1971), or involuntary bankruptcy. *Balsiger v. American Steel, supra.* The question is whether the injury alleged is of the type not usually suffered in similar cases. *Buck v. Gale, supra.*

■    Defendant argues that, when a party to an action chooses to secure a temporary restraining order, a common consequence of the action is that the person restrained is

unable to carry on the enjoined activity. The argument clearly misses the point. After all, the same could be said about obtaining an attachment or a garnishment, yet both of those interferences are sufficient to constitute special injury.

Here, defendant sued for nuisance and interference with contractual relations. It could have prosecuted the action to its end without a temporary restraining order. However, as did the parties who sought garnishment and attachment in the cases cited above, defendant chose to seek and obtain an immediate interference with plaintiff's property or person. It secured an order that restrained him from going somewhere that he, as a member of the public, otherwise had a right to go. Plaintiff's allegation of that restraint is sufficient to plead a special injury, and it was error to dismiss his complaint.

In plaintiff's second and third assignments of error, he challenges two change of venue rulings. Changing the place of a trial is within the sound discretion of the trial court, and its ruling to grant or deny a change of venue motion will not be disturbed on appeal, unless there is a clear abuse of discretion. *Multnomah Co. v. Willamette T. Co.*, 49 Or 204, 219, 89 P 389 (1907). We find no abuse of discretion in the trial court's change of venue from Multnomah County to Linn County nor in its denial of the motion to change venue from Linn County to Marion County on the record before the court.

Reversed and remanded.