# WALTI,
*Appellant,*

*v.*

# WILLAMETTE INDUSTRIES, INC.,
*Respondent.*

## (86-0484; CA A50127)

784 P2d 1118

Chris W. Dunfield, Corvallis, argued the cause for appellant. With him on the brief was Petersen, Barker & Dunfield, Corvallis.

William G. Wheatley, Eugene, argued the cause for respondent. With him on the brief was Jaqua & Wheatley, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Plaintiff appeals a summary judgment for defendant in this action for malicious prosecution. The court held that plaintiff did not present enough evidence to create a genuine issue of material fact as to "special injury" and that defendant was entitled to judgment as a matter of law. ORCP 47C. We affirm.

The controversy arises out of an earlier action. Defendant sued plaintiff and others for nuisance and intentional interference with contractual relations in connection with alleged activities in opposition to defendant's cutting of old growth timber on public land. On July 23, 1984, defendant obtained a temporary restraining order that enjoined plaintiff and others:

> "1. From trespass, harassment of [Willamette Industries'] employees or contractors, destruction of property or obstruction of access to and egress from the Pyramid Timber Sale site in the Willamette National Forest; and;
>
> "2. From any interference with [Willamette Industries'] performance of its Pyramid Timber Sale contract with the United States Forest Service."

The temporary restraining order expired as to plaintiff on July 31, 1984. Later, plaintiff obtained a directed verdict in his favor, and the court dismissed the action against him.

In 1985, plaintiff brought this action. He alleged in his complaint that the restraining order prohibited him

> "from traveling upon U.S. Forest Service Road No. 2041, or entering the portion of the Middle Santiam Wilderness area known as the Pyramid Creek Sale[,]"

and that as a result of the injunction

> "he was unable to visit and enjoy the Middle Santiam Wilderness, which he did regularly before the injunction was entered. Further, [he] was forced to cancel a class he taught because he was unable to take his students to the Middle Santiam Wilderness Area."

He did not set out the text of the restraining order in the complaint. On defendant's motion, the court dismissed the complaint for failure to state a claim. ORCP 21A(8). We

reversed and remanded. *Walti v. Willamette Industries, Inc.,* 86 Or App 479, 739 P2d 611 (1987).

Plaintiff then filed an amended complaint. He made the allegations set out above. He corrected his original allegation that the restraining order was in effect against him for 13 months to allege that it was in effect against him for eight days only. He also realleged in substantially similar language that he was harassed by phone calls to his workplace from defendant's agent, that his ability to exercise his political activities effectively was diminished and that he was required to take unpaid leave from work. After answering, defendant moved for summary judgment, the court granted the motion and plaintiff assigns that ruling as error.

In *Walti v. Willamette Industries, Inc., supra,* we said:

> "In an action for malicious prosecution, a plaintiff must allege not only malice and lack of probable cause in the prosecution of the earlier action, but also
>
> > " 'arrest of the person, seizure of property, or other special injury to the defendant in that action which would not ordinarily result in all similar causes seeking recovery of damages.' * * * *Balsiger v. American Steel,* 254 Or 204, 206, 451 P2d 868, 458 P2d 932 (1969).
>
> "The special injury rule assures that the courts will 'always be open to the citizen to claim his rights without fear of being amerced by heavy damages should his cause fail.' *Carnation Lbr. Co. v. McKenney et al,* [224 Or 541, 547, 356 P2d 932 (1960)]. The costs and disbursements awarded a successful defendant are considered suitable compensation for the injury suffered as a result of the action, unless there is some 'interference with the person or property or some special damage to a defendant.' 224 Or at 545.
>
> "* * * * *
>
> "The test for special injury is whether 'the chosen proceeding itself involved immediate interference with the person, property, income, or credit of the subsequent complainant, apart from the ultimate judgment * * *.' *O'Toole v. Franklin,* 279 Or 513, 516, 569 P2d 562 (1977). The court explained:
>
> > " 'This view focuses on the defendant's responsibility for his choice, as plaintiff in the earlier action, to trigger the interfering procedure; in the later action the "special injury is determined by the manner of the defendant's

prosecution of the original case rather than by any happenstance of the plaintiff's situation." *Buck v. Gale,* [271 Or 90, 94, 530 P2d 1248 (1975)].' 279 Or at 516." 86 Or App at 481-82.

We held that plaintiff's allegation that "[defendant] secured an order that restrained him from going somewhere that he, as a member of the public, otherwise had a right to go * * * [was] sufficient to plead a special injury, and it was error to dismiss the complaint." 86 Or App at 483.

Plaintiff argues that, under *Walti,* he has shown enough to create a genuine issue of material fact as to special injury, because he established that a temporary restraining order was in fact entered against him. In *Walti,* all we reviewed was the sufficiency of the allegations then in plaintiff's complaint. Without examining the text of the restraining order, we accepted as true plaintiff's description of it. A motion for summary judgment, however, goes to the merits of the case. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). The issue before us now is whether, on the basis of the pleadings, depositions and affidavits, which set out the text of the restraining order, defendant was entitled to summary judgment as a matter of law on the ground that there is no genuine issue of material fact as to whether plaintiff suffered a special injury. ORCP 47C.

The construction of a temporary restraining order is a matter of law for the court. *See Bosler v. Short,* 277 Or 697, 701, 561 P2d 1025 (1977). The restraining order did not enjoin plaintiff from doing anything that a member of the public had a right to do and that he wanted to do. Although the order enjoined him from trespass, harassment and destruction of property on the Pyramid Timber Sale site, from obstruction of access to or egress from the site and from interference with defendant's performance of its contract with the Forest Service, plaintiff testified in his deposition that he did not intend to engage in any of these activities. He claimed that the order injured him specially only because it prevented him from visiting and enjoying the Middle Santiam Wilderness and forced him to cancel a class, not because it barred him from the Pyramid Timber Sale site. His assertions rest on his erroneous interpretation of the order as enjoining him from the use of Forest Service Road 2041. The restraining order,

however, did not prevent him from using that road or visiting and enjoying the Middle Santiam Wilderness or from conducting a class there.[1]

Plaintiff showed that he received a few phone calls at work from defendant's lawyer. Assuming that that is true, it would not, as a matter of law, constitute special injury. Plaintiff could not, in his deposition, identify defendant as having had anything to do with any other phone calls that he received. Plaintiff's own testimony in his deposition showed that there was no genuine issue of material fact that defendant's action did not inhibit him from the free exercise of his political activities. Finally, plaintiff would not have suffered special injury, even if he took unpaid leave from work and lost wages because defendant had sued him. *See Crouter v. United Adjusters, Inc.*, 259 Or 348, 364, 485 P2d 1208 (1971); *Alvarez v. Retail Credit Ass'n.*, 234 Or 255, 259, 381 P2d 499 (1963).

Affirmed.

---

[1] It is immaterial that plaintiff relied on the advice of an unidentified Forest Service employe "to stay away from there" and of his attorney that he should stay away from "that area."