Argued February 9, affirmed March 14, 1962

PATAPOFF *v.* VOLLSTEDT'S, INC. ET AL

369 P. 2d 691

*Gerald H. Robinson,* Portland, argued the cause for appellant. With him on the briefs were Nels Peterson, Peterson, Lent & Paulson, Portland.

*William F. White,* Portland, argued the cause for respondents Vollstedt's, Inc., and Pacific Supply Co-operative. With him on the brief were White, Sutherland & White, Portland.

*James H. Clarke,* Portland, argued the cause for respondents Centennial Mills, Inc., and Crown Mills. With him on the brief were Koerner, Young, McCol-

loch & Dezendorf, James C. Dezendorf and Marshall C. Cheney, Jr., Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

### SLOAN, J.

This was an action for malicious prosecution. Plaintiff alleged that defendants had filed a petition in the United States District Court for the District of Oregon which had caused plaintiff to be adjudged an involuntary bankrupt and that the petition had been filed maliciously and without probable cause. At the trial the court allowed defendants' motion for a directed verdict. Plaintiff appeals. The trial court held that defendants did have probable cause to file the petition for involuntary bankruptcy. We have reached the same conclusion.

The petition in bankruptcy alleged that plaintiff was a partner with her husband in the operation of a seed business in Halsey. It also alleged that plaintiff and her husband had transferred property to certain creditors with an intent to prefer those creditors and that the business alleged to have been conducted by plaintiff and her husband was insolvent. It was the allegation that plaintiff was a partner with her husband that plaintiff alleges, in this action, was made without probable cause.

"It is a firmly established rule in this state that in actions for malicious prosecution the question of probable cause is a question of law which the judge must decide upon established or conceded facts." *Kuhnhausen v. Stadelman*, 1944, 174 Or 290, 310, 148 P2d 239, 149 P2d 168. The evidence in this case established

sufficient undisputed facts to require the court to rule on probable cause.

For several years prior to the events here in question two of defendants had received annual reports from Dun & Bradstreet in respect to the business involved herein. Each report designated the owners of the business to be plaintiff and her husband as partners and listed as assets of the business real and personal property admittedly owned by the two of them. It was the same property that plaintiff and her husband had transferred to preferred creditors. The transfers included substantially all of the property. The facts stated in the reports were made known to all of the defendants prior to the filing of the petition. They were justified in placing reliance on these reports. The extent to which these reports are used and accepted in the commercial world needs no explanation.

The event which caused the filing of the petition was a meeting of the creditors of the business. At this meeting those who had gained security refused to waive it so that all creditors would return to equal status. Most of these transfers would have been more than four months old within four or five days after that meeting. If the favored creditors had agreed to the waiver the remaining creditors would have been satisfied to permit the business to continue and the bankruptcy would have been avoided. Plaintiff and her husband as well as some of defendants and their attorney, were present at the meeting when this decision was made. The evidence as to plaintiff's participation in the meeting is in conflict. We have, therefore, considered only the significance of her presence.

As just indicated, defendants had retained experienced counsel and submitted to him, in good faith, the evidence at their disposal. The attorney made other

investigation. He advised the filing of the petition. To hold a lack of probable cause in this case would require a finding that the attorney himself acted in bad faith. The evidence contains no such hint. He did as any other attorney would most likely have done under the same circumstances. Within the facts of this case the advice of counsel alone was sufficient to establish probable cause. *Hess v. Oregon Baking Co.,* 1897, 31 Or 503, 507, 508, 49 P 803; *White v. Pacific Tel. & Tel. Co.,* 1939, 162 Or 270, 280, 90 P2d 193. 3 Restatement, Torts, § 675, and particularly comment d. Other evidence, unnecessary to relate, was also convincing that defendants acted in good faith.

We find no reason to make the lengthy explanations necessary to explain the evidence that could be said to show lack of probable cause. Much of plaintiff's evidence would only tend to prove her knowledge and that of her husband and close friends. There was no evidence that this knowledge was at any time or in any way made known to defendants. The totality of the facts that were established without dispute demonstrate conclusively that probable cause existed.

Affirmed.