Argued and submitted July 13, 1987, reversed and remanded July 6, 1988

WILLIS et al,
*Appellants,*

*v.*

EDWARDS et al,
*Defendants,*

PARKS,
*Respondent.*

(85-4-112; CA A40976)

756 P2d 1273

Charles A. Sams, Judge (Amended Judgment of Dismissal).

Dale Jacobs, Judge (Order Quashing Attempted Substituted Service on Defendants Edwards and Parks).

Christopher C. S. Blattner, Portland, argued the cause for appellants. With him on the brief were Lori A. Vosejpka and Joseph, Babener & Carpenter, Portland.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiffs appeal from a judgment dismissing their complaint against defendant Parks (defendant),[1] because she was not served with a copy of the summons and complaint within the time permitted by the applicable Statute of Limitations. The question is whether substituted service on her was effected; if it was, the action is timely. Because we conclude that she was properly served, we reverse and remand.

Plaintiffs filed their original complaint on April 8, 1985. Copies of the summons and complaint were served on defendant's husband at their residence on April 21. True copies were mailed to her at the same address. On May 2, 1985, Terrence Kay, an attorney, wrote plaintiffs' counsel, stating in part: "Just a note confirming our conversation that you'll take no further action without contacting me, since it appears I will be representing Mr. Edwards, [defendant] and Mainlander Property Management, Inc." Plaintiffs filed an amended complaint on May 10 and served copies of that complaint by mail directed to Kay, basing their service on that letter.[2] Defendant appeared specially, contending that she had not been properly served with the summons and complaint. The trial court entered an order quashing the service, followed by a judgment dismissing plaintiffs' claims against defendant, because the Statute of Limitations had run by that time.

If substituted service on Parks was effected, defendant's motion should have been denied. The narrow issue is whether the mailing required to complete substituted service authorized by ORCP 7D(2)(b) must be by certified or registered mail, return receipt requested, which is required by ORCP 7D(2)(d) to effect service by mail. ORCP 7D provides, in pertinent part:

---

[1] The judgment also dismissed the claims against defendant Edwards, and plaintiffs appealed as to both defendants. Edwards was dismissed as a respondent after the appeal was perfected. Accordingly, we consider only the question as to Parks. The judgment complies with ORCP 67B.

[2] ORCP 9B provides, in part:

"Whenever under these rules service is required or permitted to be made upon a party, and that party is represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court."

Given our disposition of the case, we need not decide whether service of the amended complaint was valid.

"D(1)   Notice Required. Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; *substituted service* by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; *service by mail;* or, service by publication.

"* * * * *

"D(2)(b)   Substituted Service. Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served. *Where substituted service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at defendant's dwelling house or usual place of abode,* together with a statement of the date, time, and place at which substituted service was made. For the purpose of computing any period of time prescribed or allowed by these rules, *substituted service shall be complete upon such mailing.*

"* * * * *

"D(2)(d)   Service by Mail. *Service by mail, when required or allowed by this rule, shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested.* For the purpose of computing any period of time prescribed or allowed by these rules, *service by mail shall be complete three days after such mailing if the address to which it was mailed is within this state* and seven days after mailing if the address to which it is mailed is outside the state." (Emphasis supplied.)

It is clear that substituted service and service by mail are two distinct methods of service, and each is treated separately in the rule. Service by mail involves only the mailing of

the summons and complaint, whereas substituted service requires delivery of the documents to a member of the party's household who is over the age of 14, followed by a mailing. When service by mail is used, service is complete three days after mailing, because the service depends entirely on the mailing. Substituted service is complete "upon the mailing," because there has been an earlier delivery of the papers to a member of the party's household.[3]

We conclude that the mailing required by ORCP 7D(2)(b) is not required to be certified or registered, return receipt requested.

Reversed and remanded.

---

[3] The court acquires jurisdiction over the defendant so served when the summons and complaint are delivered to a member of the household over 14, at least for the purpose of determining when an action has been commenced under ORS 12.020. *Korgan v. Gantenbein*, 74 Or App 154, 702 P2d 427 (1985).