Argued and submitted October 30, 1992, reversed and remanded in part; otherwise
affirmed June 9, 1993

Sally PARKS,
*Appellant,*

*v.*

Norman R. WILLIS, M.D.;
Sandra E. Willis;
Law Offices McMenamin, Joseph, Babener & Carpenter;
Law Offices Joseph, Babener & Carpenter;
Robert McMenamin; Kimberlee Collins Morrow;
Lori A. Vosejpka; Thomas P. Joseph, Jr.;
Jeffrey A. Babener and Dunbar S. Carpenter,
*Respondents,*

*and*

John or Jane DOES 1-30,
*Defendants.*

(9010-06313; CA A71316)

853 P2d 1336

Terrance Kay, Salem, argued the cause for appellant. With him on the briefs was Terrance Kay, P.C., Salem.

Lindsey H. Hughes, Portland, argued the cause for respondents. With her on the brief were Patrick N. Rothwell and Hallmark, Keating & Abbott, P.C., Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Plaintiff appeals a judgment dismissing her claims for wrongful use of civil proceedings, intentional infliction of emotional distress, abuse of process, interference with business relationships and negligence.[1] Although plaintiff makes numerous assignments of error, we address only her contention that the court erred by dismissing her wrongful use of civil proceedings claim. We reverse and remand.

■    Plaintiff's claim for wrongful use of civil proceedings arose out of a civil action that defendants had pursued against her and that was dismissed in 1989. The court granted defendants' ORCP 21A(8) motion[2] to dismiss plaintiff's present claim on the ground that plaintiff did not allege that the underlying civil action terminated in her favor when the court dismissed the case in 1989.[3]

■    A court may grant a pre-trial motion to dismiss under ORCP 21A(8) only if the complaint, on its face, fails to state a claim. *Business Men's Service v. Union Gospel Ministries*, 120 Or App 228, 852 P2d 199 (1993). In reviewing the judgment stemming from defendants' motion to dismiss, we assume that plaintiff's allegations, and any facts that might be adduced as proof of them, are true. *Stringer v. Car Data Systems, Inc.*, 314 Or 576, 584, 841 P2d 1183 (1992); *Allison*

---

[1] The court granted defendants' motions to dismiss the remaining claims on the grounds that the statute of limitations had run and/or plaintiff had failed to state a claim. The court dismissed all of the claims with prejudice, except the negligence claim. Plaintiff filed a second amended complaint alleging gross negligence, and the court granted defendants' motion to dismiss that claim with prejudice.

[2] ORCP 21A provides, in part:

"[T]he following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim[.]"

[3] A claim for wrongful use of civil proceedings must allege:

"(1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

"(2) The termination of the proceeding in the plaintiff's favor;

"(3) The absence of probable cause to prosecute the action;

"(4) The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

"(5) Damages."

*Alvarez v. Retail Credit Ass'n*, 234 Or 255, 259, 381 P2d 499 (1963); *see also Wroten v. Lenske*, 114 Or App 305, 308, 835 P2d 931, *rev den* 314 Or 574 (1992).

*v. Kleinman,* 116 Or App 34, 36, 840 P2d 109 (1992). Accordingly, we state the facts as they are alleged in plaintiff's complaint.

On April 8, 1985, defendant Norman Willis filed a $1.3 million lawsuit against plaintiff and others. Sandra Willis was joined in an amended complaint as a plaintiff in that case. The Willises were represented by the attorneys who are co-defendants in this case. The Willises alleged claims against plaintiff for fraud, misrepresentation, deceit and securities fraud. The circuit court dismissed that suit on the ground that the statute of limitations had run. The Willises appealed, and we reversed and remanded. *Willis v. Edwards,* 92 Or App 35, 756 P2d 1273 (1988). On May 9, 1989, the circuit court entered a stipulated judgment of dismissal in that case.

In her first assignment of error, plaintiff contends that the May 9, 1989, stipulated judgment of dismissal terminated the underlying civil action in her favor. Defendants respond:

> "[F]avorable resolution of the underlying case requires, at the least, that the resolution be consistent with a finding for the party, on substantive grounds, and not for technical or procedural reasons."

We rejected that proposition in *Wroten v. Lenske, supra* n 3. In that case, the defendant had filed a libel suit against the plaintiff. The defendant failed to comply with a court order regarding mandatory arbitration, and the court dismissed the defendant's suit. The plaintiff then sued the defendant for wrongful initiation of a civil proceeding. We observed:

> "[The] dismissal [of defendant's libel suit] because of defendant's refusal to participate in mandatory arbitration was a termination of the proceeding in plaintiff's favor." 114 Or App at 308.

Plaintiff obtained a judgment of dismissal in defendants' suit against her, and defendants obtained no relief whatsoever as a result of that suit. On its face, plaintiff's complaint is sufficient to allege that the underlying civil action terminated in her favor.[4] The trial court erred by

---

[4] While the appeal in *Willis v. Edwards, supra,* was pending, plaintiff filed for bankruptcy in federal court. Defendants contend that the bankruptcy court would

granting defendants' motion to dismiss plaintiff's claim for wrongful use of civil proceedings.

We have considered plaintiff's remaining assignments of error and find them to be unpersuasive.

Judgment dismissing claim for wrongful use of civil proceedings reversed and remanded; otherwise affirmed.

---

have discharged any judgment that they could have obtained on their "non-intent" claims against plaintiff in *Willis* and that the bankruptcy code required dismissal of those claims. Defendants' reasons for dismissing their claims may be probative of whether they pursued them with malice and without probable cause. At this stage of the proceedings, however, they have no bearing on the issue of whether that suit terminated in plaintiff's favor.