Argued and submitted September 22, reversed and remanded November 29, 1995

Hollie VAZQUEZ
and Hollie Vazquez,
as guardian ad litem for
Mahwren Janice Brene Wear
and Levi Michael Jonathan Wear,
*Appellants,*

*v.*

Dorothy Arlene Jones REEVES,
Levi Thomas Reeves and Jan Perkins,
*Respondents.*

(93-4447-L-3; CA A87468)

907 P2d 254

Thomas Houser argued the cause for appellants. On the briefs were Michael H. Wells and Howser & Munsell, P.C.

Benjamin M. Bloom argued the cause and filed the brief for respondent Jan Perkins.

No appearance for respondents Dorothy Arlene Jones Reeves and Levi Thomas Reeves.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiffs appeal from a judgment under ORCP 21 A(8), dismissing their claim for wrongful use of civil proceedings. We reverse and remand.

■ In reviewing the dismissal of a complaint for failure to state a claim, we assume the truth of all allegations, as well as any reasonably related inferences, and view them in the light most favorable to the nonmoving party. *Jaqua v. Nike, Inc.*, 125 Or App 294, 865 P2d 442 (1993). The operative pleading, plaintiffs' third amended complaint, alleges the following material facts: Plaintiff Hollie Vazquez is the mother of plaintiffs Mahwren and Levi Wear. Before December 1991, defendants, Dorothy and Levi Reeves, who claim to be the children's paternal grandparents, were permitted to visit them. However, on December 2, 1991, Vazquez obtained an order from the Jackson County Circuit Court, restraining the Reeves from contact with the children for a period of one year.

Defendant Perkins was the Reeves' attorney. On March 17, 1992, while the restraining order was in force, the Reeves, with Perkins' assistance, initiated guardianship proceedings in Klamath County Circuit Court, seeking appointment as the children's guardians. In support of the guardianship petition, defendants submitted the affidavit of Dorothy Reeves, prepared with Perkins' assistance, which included false statements regarding her relationship with the children and the children's residency.[1] Moreover, defendants "concealed" the existence of the Jackson County court's restraining order from the Klamath County court.[2]

Defendants did not serve plaintiffs with any of the pleadings in the Klamath County litigation and did not notify them of the hearing date. Thus, plaintiffs did not attend the

---

[1] Dorothy Reeves' affidavit stated that she was the paternal grandparent of the children and that the children resided with her in Klamath County at the time that the guardianship petition was filed. Plaintiffs allege that both statements were untrue.

[2] Although plaintiffs make no specific allegation that Perkins knew of the restraining order against the Reeves, they do assert that "Reeves, with the assistance of Perkins, concealed from Klamath County Circuit Court the existence of the * * * Restraining Order[.]"

guardianship hearing. The court, following an *ex parte* presentation, appointed the Reeves as the children's guardians.

On June 8, 1992, pursuant to the Klamath County court's order, police officers removed the children from Vazquez's home in Phoenix (Jackson County) and delivered them to the Reeves' home in Klamath County. One month later, the Klamath County Circuit Court terminated the Reeves' temporary guardianship and restored custody of the children to Vazquez.[3]

Plaintiffs then filed this action for wrongful use of civil proceedings against defendants, alleging that defendants initiated the guardianship proceedings so as to obtain a guardianship order that they could then use to coerce Vazquez into consenting to the Reeves' adoption of the children. Defendants moved to dismiss the complaint for failure to state a claim. In particular, defendants asserted that plaintiffs had failed to allege facts demonstrating that the guardianship proceedings were brought for an improper purpose and with a lack of probable cause. The trial court agreed and dismissed the complaint.

■ *Alvarez v. Retail Credit Ass'n*, 234 Or 255, 259, 381 P2d 499 (1963), prescribes the elements of a claim for wrongful use of civil proceedings:

"(1)  The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;
"(2)  The termination of the proceeding in plaintiff's favor;
"(3)  The absence of probable cause to prosecute the action;
"(4)  The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and
"(5)  Damages."

*Accord Parks v. Willis*, 121 Or App 72, 74 n 3, 853 P2d 1336 (1993).

■ Plaintiffs contend that the trial court erred because their complaint adequately alleged those elements. Before considering the particular sufficiency of plaintiffs' complaint, however, we address a more general, threshold concern raised

---

[3] The pleadings do not disclose what caused the Klamath County Circuit Court to terminate the temporary guardianship.

by Perkins:[4] Are family law proceedings, including guardianship proceedings, the type of "judicial proceedings" that can, or should, give rise to liability for wrongful use of civil proceedings? We conclude that they are.

Perkins urges us to adopt the reasoning of *Bidna v. Rosen*, 19 Cal App 4th 27, 23 Cal Rptr 2d 251 (1993). There, the court declined to extend the tort of wrongful use of civil proceedings to family law cases for three reasons: (1) because of the underlying bitterness and emotional distress involved in many family law disputes, the task of distinguishing between "ordinary" suits and "malicious" suits is extremely difficult; (2) attorney fee awards sufficiently discourage frivolous litigation and adequately ameliorate the effects of such litigation; and (3) extending wrongful use of civil proceedings claims to family law disputes could have a chilling effect on the commencement of meritorious actions. *Id.* at 257.

Although *Bidna's* rationales seem initially plausible, they are ultimately unpersuasive. To begin with, we do not believe that the potential difficulty of sorting out malicious, from ordinary, litigation in the family law context is materially greater than in other species of litigation to which the tort has been applied. *See, e.g., Patapoff v. Vollstedt's, Inc.*, 230 Or 266, 369 P2d 691 (1962) (claim predicated on initiation of involuntary bankruptcy); *Hill v. Carlstrom*, 216 Or 300, 305, 338 P2d 645 (1959) (claim predicated on initiation of insanity proceedings).

Nor do we accept *Bidna's* second assumption, that awards of attorney fees and sanctions adequately deter the prosecution of baseless and bad faith family law litigation and adequately compensate for losses from such litigation. Here, for example, plaintiffs sought damages for emotional distress and loss of comfort and companionship caused by the allegedly wrongful removal of the children from their mother's care. Moreover, the availability of attorney fees and sanctions, *see* ORS 20.105;[5] ORCP 17,[6] is hardly unique to

---

[4] The Reeves did not appear on appeal.

[5] ORS 20.105 provides, in part:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a

family law litigation. If *Bidna* were correct, the same considerations would, logically, warrant the wholesale abolition of the tort of wrongful use of civil proceedings.

Finally, unlike the court in *Bidna*, we do not believe that the potential for tort liability will chill the prosecution of meritorious family law claims. The rigorous requirements for pleading and proving wrongful use claims, especially the requirements of malice and lack of probable cause in prosecuting the underlying action, adequately shield those who act in good faith.

■ We turn, then, to the particular adequacy of plaintiffs' third amended complaint. Perkins argues, and the trial court apparently agreed, that plaintiffs' allegations were deficient in two respects. First, he asserts, the complaint did not plead facts showing that he *individually* lacked "probable cause to prosecute the action." *Parks*, 121 Or App at 74 n 3. Rather, he contends, the complaint at most imputes such a lack of probable cause to him derivatively, in a representative capacity, based on the knowledge and motivation of his clients/principals, the Reeves. We disagree. The third amended complaint alleges:

"All of the actions above stated, and 'the proceedings' were undertaken by *all Defendants* in the Circuit Court for

party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

6 ORCP 17 provides, in part:

"A. Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record * * *. The signature constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument * * *, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

"* * * * *

"C. If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, * * * an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee."

Klamath County *without either a reasonable belief or a subjective belief that Reeves were entitled to custody of children plaintiffs.*" (Emphasis supplied.)

That allegation refers to "all defendants" and does not distinguish between Perkins and the Reeves, in a representative capacity or otherwise. It sufficiently alleges that Perkins, individually, lacked probable cause to initiate and prosecute the guardianship proceeding.

■ Perkins' second argument, that the complaint did not adequately plead that he acted with "a primary purpose other than that of securing an adjudication of the claim," *id.*, similarly fails. Again, the pleadings are explicit:

"*Said actions [i.e., initiation of the guardianship proceedings] were taken for a primary purpose other than that of securing an adjudication of Reeves' guardianship claims* by virtue of the following. *Defendants* brought the petition, and purposefully omitted to serve Plaintiff with it in order to gain an order of guardianship without objection of Plaintiff, which the *Defendants* could then use for the purpose of demonstrating to Plaintiff, who is poor, and afraid of Reeves, by use of court orders, and by use of law enforcement officers to take the children plaintiffs away from Plaintiff, that Plaintiff could not prevail in any legal proceedings to regain custody of children plaintiffs and should agree not to resist Reeves permanent guardianship over children plaintiffs and should enter into an agreement with Reeves for Reeves adoption of children plaintiffs." (Emphasis supplied.)

Contrary to Perkins' contentions, the complaint does not allege that only the Reeves acted for a primary purpose other than prevailing in the guardianship proceeding. Instead, it alleges that all defendants acted with the purpose of using an improperly secured guardianship order to coerce Vazquez into consenting to the Reeves' adoption of her children.

Finally, for corresponding reasons, we conclude that the trial court erred in granting the Reeves' motion to dismiss on grounds that the complaint did not adequately plead lack of probable cause and malice.

Reversed and remanded.